**ALL MISSION INDIAN HOUSING AUTHORITY, Plaintiff,**

v.

**Marion Dave SILVAS, Jr., et al., Defendants.**

**No. CV 87–5408 AWT.**

United States District Court, C.D. California.

Sept. 11, 1987.

Art Bunce, Escondido, Cal., for plaintiff.

## MEMORANDUM DECISION AND ORDER

TASHIMA, District Judge.

This is an unlawful detainer action. Plaintiff All Mission Indian Housing Authority ("AMIHA") is a federally-funded Indian Housing Authority. Defendants are tenants of plaintiff who are alleged to have failed to pay rent. Subject matter jurisdiction has been invoked under 28 U.S.C. §§ 1331, 1337 and 1362. Because of substantial doubt as to existence of such jurisdiction in this action, the Court *sua sponte* issued an order to show cause re dismissal ("OSC") for lack of subject matter jurisdiction. The matter has now been thoroughly and ably briefed by plaintiff. For the reasons hereinafter set forth, the Court concludes that subject matter jurisdiction exists in this case.

### Jurisdictional Facts

AMIHA was organized by 17 California Mission Indian Tribes in southern California to provide low-income housing for Indian families on Indian reservations. The real property which is the subject of this suit is unallotted tribal land held in trust by the United States for the Soboba Band of Mission Indians. AMIHA leases the land from the respective tribes and, in turn, subleases individual homesites to eligible Indian families. None of these tribes or bands, apparently for economic reasons, has established a tribal court to which evic-

tion matters, such as this case, could be referred.

### Discussion

■ The Court rejects out of hand plaintiff's reliance on 28 U.S.C. § 1337, which grants jurisdiction over actions involving any Act of Congress "regulating commerce." Even assuming that § 1337 extends to commerce with Indian tribes, *see, e.g., White Mountain Apache Tribe v. Bracker,* 448 U.S. 136, 142, 100 S.Ct. 2578, 2583, 65 L.Ed.2d 665 (1980), resolution of this action does not "turn" on any such statute. Plaintiff has cited the Court to no statute which purports to regulate the landlord-tenant relationship between an Indian housing authority and an Indian tenant.

■ District courts also have subject matter jurisdiction of actions "brought by any Indian tribe or band ... wherein the matter arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1362. It is doubtful that AMIHA qualifies as a "tribe" or "band," although the issue has not been squarely addressed. In *Navajo Tribal Util. Auth. v. Arizona Dep't of Revenue,* 608 F.2d 1228 (9th Cir. 1979), the Ninth Circuit held that "a subordinate economic enterprise" of a tribe was not a tribe under § 1362. *Id.* at 1233. While it may be argued that an authority, such as AMIHA, created by a *group* of tribes should be treated differently, that issue appears to be moot because, ultimately, jurisdiction under § 1362 requires that the matter "arise under" a "law" of the United States. Thus, we must turn to plaintiff's invocation of 28 U.S.C. § 1331 and the meaning of "arising under the ... laws ... of the United States."

The proposition is now well-established that laws of the United States include federal common law. *E.g., Illinois v. City of Milwaukee,* 406 U.S. 91, 100, 92 S.Ct. 1385, 1391, 31 L.Ed.2d 712 (1972); *Smith v. Grimm,* 534 F.2d 1346, 1351 (9th Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed. 2d 589 (1976). The issue is, therefore, whether AMIHA's attempt to evict Indian tenants off of unallotted Indian tribal lands is governed by the federal common law.

The source of the governing substantive law must be either state of federal. 28 U.S.C. § 1360(a) provides, *inter alia*, that in all Indian country in California, the state has "jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in ... Indian country ... and those civil laws of such state that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State." However, § 1360(b) provides that nothing in § 1360 "shall confer jurisdiction upon the State to adjudicate ... the ownership or right to possession of such property [*i.e.*, property of any Indian tribe held in trust by the United States] or any interest therein." This statute is consistent with the Supreme Court's recognition that an action asserting a right to possession of Indian lands arises under federal law. *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 675, 682, 94 S.Ct. 772, 781, 784–85, 39 L.Ed.2d 73 (1974). Conversely, this Circuit has held: "Where a dispute involves [Indian] trust or restricted property, the state may not adjudicate the dispute *nor may its law apply." In re Humboldt Fir, Inc.*, 426 F.Supp. 292, 296 (N.D.Cal.1977) (emphasis added; citations omitted), *aff'd*, 625 F.2d 330 (9th Cir.1980). *See also Segundo v. City of Rancho Mirage*, 813 F.2d 1387 (9th Cir.1987) (rent control ordinance inapplicable to *allotted* Indian land); *Santa Rosa Band of Indians v. Kings County*, 532 F.2d 655 (9th Cir. 1975), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 731, 50 L.Ed.2d 748 (1977) (zoning ordinance inapplicable to Indian reservation).

*Conclusion*

Because the substantive state law cannot apply (and state courts cannot adjudicate this dispute) and because no federal statute or treaty governs this dispute, the Court concludes that the dispute is one arising under the federal common law, which may, if necessary, look to state law for its ascertainment. *See, e.g., Smith v. CMTA–IAM Pension Trust*, 654 F.2d 650, 663 (9th Cir. 1981) (Tashima, J., concurring and dissenting). Therefore, this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331.

For the foregoing reasons,

IT IS ORDERED that the OSC is discharged.