In re **CORRECT MANUFACTURING CORP., Debtor.**

**CARDINAL CASUALTY COMPANY, Plaintiff,**

v.

**CORRECT MANUFACTURING CORP., et al., Defendants.**

**Bankruptcy No. 2–86–00096.
Adv. No. 2–86–0306.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 26, 1988.

Larry E. Staats, Columbus, Ohio, trustee.

L. Stewart Hastings, Jr., Cleveland, Ohio, for plaintiff.

## ORDER DENYING MOTION FOR STAY OF PROCEEDINGS AND SETTING TRIAL DATE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed on behalf of plaintiff Cardinal Casualty Company ("Cardinal"), seeking a stay of certain actions against Cardinal which are pending in federal or state courts in Louisiana and Wisconsin. The motion was opposed by Larry E. Staats, the duly-appointed trustee in bankruptcy, and was heard by the Court. Post-hearing briefs have been submitted by both parties.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (0).

The following facts are relevant for this motion. Correct Manufacturing Corp. ("Correct") was a manufacturer of automotive and industrial equipment. Following the assertion against it of a number of personal injury and wrongful death claims arising from accidents involving certain "Skyworker" equipment, Correct filed a petition under the provisions of Chapter 7 of the Bankruptcy Code on January 10, 1986. Larry E. Staats was appointed interim trustee of the bankruptcy estate, and following the failure of creditors to elect a trustee as provided by 11 U.S.C. § 702(b), Staats continued as trustee pursuant to 11 U.S.C. § 702(d).

On November 7, 1986, Cardinal filed this adversary proceeding seeking either a judgment declaring the rights of the parties under certain contracts of insurance between Cardinal and Correct or an order requiring the trustee to assume the insurance contracts pursuant to Section 365 of the Bankruptcy Code. Numerous defendants have been joined and have answered the complaint, but their interests relate only to their rights under the insurance contracts and do not pertain to the actions sought to be stayed by this motion. Accordingly, those defendants have not participated in the argument or briefing of this motion.

The contracts of insurance are four Comprehensive General Liability Policies ("the Contracts") between Cardinal and Correct, covering consecutive one year periods from April 1982 until May 1986. The Contracts are "occurrence" policies under which claimants who establish injuries occurring during the policy period from products made and sold by Correct will be paid by Cardinal, subject to a deductible and to certain event and aggregate policy limits.

Correct also had liability coverage with other insurance carriers, and some occurrences are covered by those policies. Other occurrences may be uninsured or may have resulted from equipment specifically excluded from coverage. Some injured parties or their representatives have filed

claims against the bankruptcy estate; many have not.

A number of claimants have sought authorization from this Court to proceed in other forums against various defendants, including insurance carriers and Correct. Many of those requests have been resolved by agreements between the trustee and the injured parties providing that such actions may proceed only if resulting judgments against Correct are satisfied solely from the proceeds of applicable insurance policies and not by claims against this estate.

Certain injured parties or their representatives have instituted actions directly against Cardinal in federal or state courts in Louisiana and Wisconsin under statutes which authorize suit directly against an insurance carrier without the claimant first having to establish liability against the insured. Cardinal seeks to have this Court stay those actions.

In support of its motion, Cardinal asserts that unless the requested stays are granted, claimants in direct action states will be unfairly advantaged by proceeding to judgment and exhausting Correct's insurance coverage before claimants in other states, who are stayed from proceeding against Correct by the provisions of 11 U.S.C. § 362(a), may proceed. Cardinal also argues that the results of this declaratory judgment action may eliminate its obligation to insure Correct for any of the claims. Cardinal contends that this Court has the power to issue such stays and should exercise that power because the Contracts are property of Correct's bankruptcy estate which should be liquidated only in an orderly fashion under the provisions of the Bankruptcy Code.

The trustee, however, responds that the bankruptcy estate has no rights in the proceeds of the Contracts which are payable only to prevailing claimants under the policy terms. According to the trustee, none of the insurance funds will pass through the estate and most of the parties asserting claims against Cardinal have not even filed claims against the bankruptcy estate. He states that Cardinal has not shown that the direct actions it wishes stayed either relate to pre-petition claims or will result in a depletion of the estate if prosecuted to judgment. Finally, if the Court finds that the Contracts are property of the estate, the trustee urges that the estate's interests in the Contracts be held to be insufficient to warrant staying the suits in Louisiana or Wisconsin.

The parties do not intend that the Court's decision relating to Cardinal's motion act as a resolution of this adversary proceeding generally. There are interpretations of the Contracts and characterizations of the obligations thereunder which are at issue and affect the parties' respective rights. It is not intended that this motion be dispositive of those issues. Accordingly, the Court will ignore matters raised prematurely in the briefs and will decide only whether the actions in Louisiana and Wisconsin should be stayed at this time.

■ The issue upon which resolution of Cardinal's motion turns is whether and to what extent the Contracts or the proceeds from the Contracts are property of the debtor's estate. That issue is relevant because, if the Contracts or the proceeds thereof are property of this bankruptcy estate, the direct action claimants in Louisiana and Wisconsin are prohibited from actions against Cardinal by 11 U.S.C. § 362(a)(3) which stays "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate."

The Court has reviewed the numerous cases cited by the parties. With the exception of two cases decided by the Court of Appeals for the Sixth Circuit under the provisions of the now-repealed Bankruptcy Act of 1898, all are reorganization cases under Chapter 11 of the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code"). Other than in a recent opinion from the Court of Appeals for the Eighth Circuit, the issue appears not to have arisen in a Chapter 7 case under the Bankruptcy Code. But see *Nat'l Union Fire Insurance Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325 (8th Cir.1988).

In the Chapter 11 cases cited, preservation of the reorganization potential is the

motivating force. The courts hearing those cases have been requested to centralize and control actions against a debtor so that the attention of its management can be focused upon the reorganization effort. That goal means that property of the estate is interpreted broadly and that impact upon property of the estate tends to be equated with impact upon the debtor. The Chapter 11 debtor is attempting to preserve not only the benefits derived from the proceeds of relevant insurance policies, but also the right to influence and affect decisions relating to causation and damage issues in pending liability actions. Such influence is necessary to enable a debtor to propose a plan of reorganization capable of attaining the necessary consents from various classes of creditors. Broad ability to settle entire classes of claims is essential to that process. *MacArthur Company v. Johns–Mansville Corp. (In re Johns–Manville Corp.)*, 837 F.2d 89 (2nd Cir.1988).

In addition, where a debtor has been driven into Chapter 11 by massive product liability exposure, the focus of its reorganization is on the scope of the discharge. It is vital that the reorganized debtor receive the widest possible discharge permitted by law. Extensive notice to permit inclusion of as many claims as possible under the pre-petition umbrella is important in that effort. None of those factors have any relevance in this case, however.

Correct was an Ohio corporation. As such, in a Chapter 7 case, under the provisions of 11 U.S.C. § 727(a)(1), it does not receive a discharge. Nor would a discharge have legal significance since the company has ceased operating and has no further existence. Therefore, Correct has no concern for the effects of its bankruptcy other than an obligation to the Court to prepare its schedules in a manner which best reflects its knowledge of parties with actual or potential claims against the estate. Nor does Correct care about influencing the direction of liability suits against it. Its assets are fixed as of the bankruptcy filing date, and all claimants asserting valid interests against the estate will receive payment from the liquidation of those assets as provided in the Bankruptcy Code.

The Chapter 7 trustee's primary duty is to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1). Although the trustee has a duty, pursuant to 11 U.S.C. § 704(5), to object to the allowance of claims against the estate where such claims seem inappropriate, it is not his fiduciary duty to attempt to maximize the assertion of such claims or to be unduly concerned about the widest possible notice to potential claimants. If Cardinal believes other claimants exist who have not received appropriate notice of these proceedings, procedural mechanisms exist in the Bankruptcy Rules for seeking amendments to the debtor's schedules. No such requested amendments are before the Court at this time, however.

Despite the widely disparate purposes between a Chapter 11 corporate reorganization and a corporate Chapter 7 case, the provisions of Chapter 5 of the Bankruptcy Code apply to both actions by virtue of 11 U.S.C. § 103(a). Accordingly, the legal interests of the debtor which become property of the estate are the same in either proceeding. The effect of that determination and the resulting equitable interests are very different, however.

Section 541(a)(1) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the estate." That broad definition is refined somewhat by the limitation in § 541(d) which brings into the estate property "which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

Based upon 11 U.S.C. § 541(a) and § 541(d), the Court finds that the policies created by the Contracts are owned by Correct and are property of the bankruptcy estate, as are certain rights created thereby, including potential rights to maintain contract or tort actions against the insur-

ance company for breach of the terms of the Contracts. See *Titan Energy*, 837 F.2d at 329. In this Chapter 7 case, however, interests in specific proceeds of the Contracts are not equitably vested in the estate to any meaningful extent. See *In re Fay Stocking*, 95 F.2d 961 (6th Cir.1938). In contrast to the Chapter 11 debtor who has equitable interests in the proceeds of such policies because of its need to decrease liability from which third parties' claims derive, affect the outcome of suits against its insurers, and retain the ability to structure settlements of classes of claims, this estate has no such equitable interests. Therefore, despite the recognition of those types of equitable interests in the cases cited in which suits against insurers were stayed during Chapter 11 reorganization proceedings, those equitable interests are not relevant or present in this case.

Apart from those considerations, the Court finds that the automatic stay imposed by 11 U.S.C. § 362(a) exists for the benefit of the debtor or the estate. That stay gives the estate at least a brief opportunity to assess the value of its assets and causes of action. An insurer is not the intended beneficiary of that stay. To the extent the stay protects the estate, however, the trustee is free to determine that such protection is not needed. He also may determine, subject to appropriate notice and hearing pursuant to 11 U.S.C. § 554(a), that any property of the estate which has no value for the estate or is burdensome may be abandoned. Such abandonment would not necessarily impact upon a third party's enforceable rights in that property, but might, unless appropriately limited, affect the trustee's right to assert a bad faith cause of action against the insurer.

In conclusion, the Court finds that the Contracts between Cardinal and Correct are property of Correct's bankruptcy estate only to the extent of the legal titles previously held by the debtor, now vested in the trustee, and the rights resulting therefrom. The estate's interests do not encompass the right to receive the proceeds of the insurance policies. Nor does the estate have other equitable interests relevant only in the reorganization context. As the trustee does not oppose the progress of suits against Cardinal in direct action states and, in fact, has been routinely granting relief from the automatic stay to parties in non-direct action states so that claimants might proceed against various insurers, the Court concludes that the estate's interest in the Contracts is not sufficient to impose or continue a stay of actions solely against the proceeds of the Contracts, not involving the estate or the debtor directly. Alternatively, should it later be determined that the proceeds of the Contracts are property of the estate not excluded by 11 U.S.C. § 541(d), the Court finds that the trustee clearly has waived any right to protection granted by the automatic stay, the debtor no longer exists to contest such relief, and Cardinal is not an appropriate party to seek its benefit.

Based upon the foregoing, Cardinal's request for the issuance of stays against certain direct action suits in Louisiana and Wisconsin should be, and the same is hereby, DENIED. This adversary action shall proceed to trial on the merits on Thursday, June 2, 1988 at 1:30 p.m. in Courtroom 130, 85 Marconi Boulevard, Columbus, Ohio 43215. Parties other than the trustee or Cardinal who wish to participate in such trial shall file a statement of such intention with the Court and serve it upon the trustee and Cardinal no later than seven (7) days prior to the trial date. Such statement shall include the issues which the appearing party will present, names and addresses of any witnesses to be called and copies of exhibits to be used at trial. The trial will be limited to issues of interpretation of the Contracts as related to Cardinal's duty to insure and the trustee's rights and responsibilities under the Contracts, including whether a motion to assume or reject the Contracts is appropriate. Circumstances underlying a particular party's injury or wrongful death relating to any potential claim under the Contracts will not be tried.

IT IS SO ORDERED.