**Ronald B. UHLES, Plaintiff,**

v.

**F.W. WOOLWORTH COMPANY, et al., Defendants.**

**No. CV 89–2962 TJH (GHKx).**

United States District Court,
C.D. California.

July 10, 1989.

James E. Herman of Rogers & Sheffield, Santa Barbara, Cal., for plaintiff.

Jerome L. Levine of Neiman Billet Albala & Levine, Los Angeles, Cal., for defendants.

### OPINION AND ORDER

HATTER, District Judge.

### BACKGROUND

Plaintiff, Ronald B. Uhles ("Uhles"), commenced this action in the Superior Court of California for Santa Barbara County, against F.W. Woolworth Company ("Woolworth"), a New York corporation, alleging that Woolworth failed to properly maintain premises leased from Uhles in Santa Barbara, California. On March 16, 1989, shortly after the complaint was filed, James Herman ("Herman"), Uhles's counsel, met with James Mullin ("Mullin"), assistant general counsel for Woolworth at Woolworth's corporate headquarters. During that meeting, a settlement negotiation, Herman gave a courtesy copy of the complaint and the summons to Mullin.

On April 23, 1989, Uhles served Woolworth by mail and on April 25, 1989, a vice-president of Woolworth signed the acknowledgment.

On May 16, 1989, Woolworth removed this action pursuant to 28 U.S.C. § 1446(b). Uhles now moves for remand, arguing that the removal was not timely. The removal notice was filed sixty-one days after Woolworth received a copy of the complaint, but only twenty-one days after Woolworth was properly served.

### DISCUSSION

The removal statute, 28 U.S.C. § 1446(b), provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

The Ninth Circuit has not yet adopted a position as to when the thirty-day period in section 1446(b) begins to run. There are two positions, and the courts are split.

The first position states that the thirty-day period begins only after the defendant

receives a copy of the complaint through proper service. *Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga. 1982). This view is based on the *Love* court's understanding of the legislative history of section 1446(b) and the purpose of amending its language to include "or otherwise" when referring to the method of delivery. According to *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331, 333 (E.D. Cal.1986), the change, made in 1949, was meant to expand the removal period in states that allowed a plaintiff to commence a suit without filing a complaint. The *Love* case held that the "or otherwise" language allowed the thirty-day period to begin in such states whenever the initial pleading was received by the defendant. In all other states, proper service is required to trigger the thirty-day period.

The second view states that receipt of the initial pleading will trigger the thirty-day period, provided that the pleading contains sufficient information from which the defendant can ascertain that the action is removable. *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211 (W.D.Pa.1981). This view relies on the rule that removal statutes are to be construed strictly and against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

Following *Tyler*, the court in *Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113, 1118 (D.Nev.1989), held that the thirty-day removal period begins upon defendant's receipt of the initial pleadings, irrespective of the technicalities of state service of process laws. The court also noted that the *Tyler* approach is the current trend.

The *Tyler* court's analysis is persuasive. This is especially true in light of the rule established in *Shamrock Oil* that removal statutes are to be construed strictly and against removal.

In the case at bar, defendant's employee, a member of the defendant's in-house legal staff, received a copy of the complaint and the summons sixty-one days prior to notice of removal and actually engaged in settlement negotiations. Those documents and activities were sufficient to notify the defendant of the removability of the case. Woolworth's removal was untimely, therefore,

IT IS ORDERED that this action be and hereby is, remanded.