**SILVERWOOD ESTATES DEVEL-OPMENT LIMITED PART-NERSHIP, Plaintiff,**

v.

**Robert T. ADCOCK and Patricia Adcock, individuals; Alisal Water Corporation, dba Alco Water Service, Defendants.**

**No. C–90–20624 WAI.**

United States District Court,
N.D. California.

April 12, 1991.

William C. Last, Jr., Last, Zaletel & Garber, San Francisco, Cal., Peter T. Hoss, Michael Masuda, Noland, Hamerly, Etienne & Hoss, Salinas, Cal., for plaintiff.

William G. Fleckles, Levy, Samrick & Bernard, Inc., San Francisco, Cal., for defendants.

## ORDER

INGRAM, District Judge.

On February 4, 1991 plaintiff's motion to remand this action to state court on the grounds of improper removal was submitted without oral argument. Defendants' 12(b)(6) motion to dismiss or, in the alternative, for more definite statement was also submitted on that date.

Upon consideration of the papers submitted on these motions the court, for the reasons detailed below, hereby makes the following order: plaintiff's motion to RE-MAND is GRANTED. In light of this the court declines to rule on the motion to dismiss because it no longer retains jurisdiction over the matter and because it believes that the state court is the better forum for adjudicating issues of the sufficiency of state law claims.

Since the court finds that all the claims arise out of the same series of events it declines to retain jurisdiction over the federal RICO claim.

### Facts

Plaintiff Silverwood is a real estate development partnership constructing a housing development in Monterey County. As part of this construction Silverwood was required to construct a water utility system to supply the development. Defendant Alisal Water Corp., doing business as Alco Water Service and owned by Robert and Patricia Adcock, is the public water utility for the area in which the development is located.

During the course of a series of disputes between plaintiff and defendants regarding this construction project plaintiff informed defendants that it had decided to sue them. In an attempt to avoid litigation by resolving the dispute in some other way, defendants asked plaintiff to prepare a draft complaint for their review.

On August 17, 1990 plaintiff filed a complaint in the superior court for Monterey County and mailed a copy of that complaint to defendants' attorney. On September 6, 1990 defendants informed plaintiff that they had reviewed the complaint and requested an itemized statement of damages. This statement was sent to defendants on September 14, 1990. On this date plaintiff also requested that defendants formally acknowledge service.

On September 24 defendants reported that they had tendered the complaint to their insurance carrier.

On October 2, as defendants had not yet acknowledged service nor had the complaint been answered, plaintiff called defendants' attorneys and again demanded formal acknowledgement. During this phone call an attorney for defendants acknowledged that the complaint had been received.

On October 9, 1990 attorneys for defendants signed the form Acknowledgment and Receipt of Complaint and Summons.

On November 5, 1990 defendants filed and served their Notice of Removal.

## Discussion

28 U.S.C. § 1446(b) states:

> The notice of removal ... shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading....

District courts have been split on the meaning of the "through service or otherwise" language. Some hold that a defendant must be served before the removal period will be triggered, citing the legislative history behind the statute which indicates that Congress meant to expand rather than constrict the removal period. *See e.g. Thomason v. Republic Insurance Co.,* 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mutual Auto Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982); and discussion *infra.* Others hold that "or otherwise" is unambiguous and that the period will run from the date of receipt of the requisite pleading. *See e.g. Uhles v. F.W. Woolworth Co.,* 715 F.Supp. 297 (C.D.Cal.1989); *Tyler v. Prudential Ins. Co.,* 524 F.Supp. 1211 (W.D.PA.1981).

Defendants, of course, urge that this court follow the *Thomason–Love* line of reasoning while plaintiff argues that *Uhles* and *Tyler* represent the more persuasive view.

In *Love, supra,* the plaintiff filed his complaint and mailed an unconformed copy to defendant with a letter stating that he had directed the marshal not to serve process and that he hoped to resolve the claim without litigation. In denying the motion to remand for untimely removal the court held that the " 'through service or otherwise' language was ... not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Id.* at 68.

The District Court for the Eastern District of California, Ramirez, J., analyzed the legislative history of § 1446 as follows to reach the conclusion that *Love* is the better rationale and that the petition for removal was timely:

> The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read, "within 20 days after commencement of the action or service of process, whichever is later." Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases the removal period could expire before the defendant received a copy of the complaint. Defendant would have to decide whether to petition for removal before knowing what the suit was all about.
>
> Thus, Congress revised § 1446(b) to permit removal "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings." This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. Plaintiff is still required to properly serve defendant. The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving [the] initial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. The "or otherwise" language does not mean that receipt of the initial pleading without proper service will trigger the removal period.

*Thomason, supra,* 630 F.Supp. at 333–334 (citations omitted).

**228**

The *Thomason–Love* reasoning was most recently adopted in this district by Judge Conti in *Bennett v. Allstate Insurance Co.*, 753 F.Supp. 299 (N.D.Cal. October 3, 1990). In *Bennett* a courtesy copy of the complaint was mailed to defendants on August 7, 1989 and served on May 17, 1990. The notice of removal was filed on June 15, 1990. Judge Conti found the removal to be timely, specifically adopting the reasoning of *Love*. Although "[a] contrary result has been reached in *Tyler* which was followed recently in *Uhles* (citations omitted) ... [n]either *Tyler* nor *Uhles* [ ] analyzed the Legislative history of § 1446(b) or weighed the practical consequences of their decision." *Bennett, supra*, at 303–304.

This court, however, remains convinced that "receipt by defendant, through service or otherwise" means "receipt by defendant, through service or otherwise."

In *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211 (W.D.Pa.1981) the court held that "all that is required is that the defendant receives, through service or otherwise, a copy of the initial pleading."

In *Uhles v. F.W. Woolworth*, 715 F.Supp. 297 (C.D.Cal.1989) the District Court for the Central District of California approved the reasoning of *Tyler* in its ruling that a notice of removal filed 61 days after the receipt by defendant, but less than 30 days from acknowledgement of service, was untimely. The court held that the *Tyler* approach "is persuasive ... especially true in light of the rule established in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 [61 S.Ct. 868, 872, 85 L.Ed. 1214] (1941) that removal statutes are to be construed strictly and against removal." *Id.* at 298.

In the present case it is not disputed that defendants received a copy of the complaint at the latest by September 6, 1990 nor is it disputed that the complaint gave defendants notice that the action was removable. Therefore notice of removal filed November 5, 1990 was untimely.

*Conclusion*

Plaintiff's motion to REMAND is GRANTED. Because it no longer retains jurisdiction over this matter the court declines to rule on the motion to dismiss. Moreover, since the matter will be remanded anyway, the court believes that the state court is the better forum for adjudicating issues of the sufficiency of state law claims.

Since the court finds that all the claims arise out of the same series of events it declines to retain jurisdiction over the federal RICO claim.