MEDICAL COLLEGE OF WISCONSIN
FACULTY PHYSICIANS AND
SURGEONS, Plaintiff,

v.

Brian W. PITSCH, Defendant,

and

Brian W. PITSCH and Susan Pitsch,
Third–Party Plaintiffs,

v.

EMPLOYERS HEALTH INSURANCE
COMPANY, Third–Party
Defendant.

Civ. A. No. 91–C–775.

United States District Court,
E.D. Wisconsin.

Oct. 29, 1991.

Larry Brueggeman, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., Milwaukee, Wis., for third-party plaintiffs.

Robert Burrell, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for third-party defendant.

## ORDER

TERENCE T. EVANS, Chief Judge.

This action began in Waukesha County circuit court in 1989 when Brian and Susan Pitsch were sued by the first of several medical groups. It was removed to this court by third-party defendant Employers Health, but Brian and Susan Pitsch have now motioned for remand to the state court.

The Pitsches were seriously injured in an automobile accident in August 1988. As an employee, Brian Pitsch maintained a health insurance policy from Employers Health. Based on its interpretation of a contractual provision in the policy, Employers Health denied payment for certain medical and hospital expenses totaling over $20,000.

Several medical care providers brought suit separately to obtain payment from the Pitsches and they, in turn, impleaded Employers Health. The first third-party complaint was served in October 1989. The Pitsches brought only state law claims against Employers Health, including breach of contract and bad faith. The state court then consolidated the actions.

Upon motion for summary judgment by Employers Health, Judge Clair Voss, in a decision issued June 14, 1991, determined that all the Pitsches' third-party state law claims against Employers Health were preempted by section 1144(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Moreover, as a suit by a beneficiary to recover benefits from a covered plan, the claims fall directly under the exclusive provision of section 1132(a)(1)(B). Judge Voss indicated that the Pitsches met all requirements to bring the ERISA claim and allowed them to amend the complaint. Thirty days after that order, Employers Health removed the case. The Pitsches argue that removal was untimely.

Removal jurisdiction is a creature of legislative grant. A defendant must strictly comply with the time limitations of 28 U.S.C. § 1446(b). 14A Wright, Miller and

Cooper, *Federal Practice and Procedure* § 3732, at 527 (2d ed. 1985). The removing party bears the burden of showing that removal was proper. *Clarson v. Southern General Life Ins. Co.*, 694 F.Supp. 847 (M.D.Fla.1987).

■ Generally, a defendant must file the notice of removal within 30 days of receiving a copy of the initial pleadings setting forth the claim for relief, or within 30 days after the service of summons, whichever period is shorter. 28 U.S.C. § 1446(b). Failure to remove within the 30–day period waives the removal right; but,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

*Id.* In other words, once the 30–day window has closed, the removal right is only revived by a subsequent pleading, motion or order that changes the nature of the litigation, such that the case is "substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference*, 668 F.2d 962, 965 (7th Cir.1982). Revival is allowed to prevent a plaintiff from using "artful pleading" to mislead the defendant about the true nature of the suit and then, after the time for removal has passed, amending the complaint to add the true federal grounds. *Id.*

■ For an action to be removable on the basis of a federal question, the federal issue must appear on the face of a well-pleaded complaint. A federal question that arises only as a defense to the complaint, such as federal preemption, normally does not trigger removability. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Meyer v. Employers Health Ins. Co.*, 722 F.Supp. 547, 550 (E.D.Wis.1989).

■ The Supreme Court has recognized an independent corollary to the well-pleaded complaint requirement, however. Certain federal statutes are so pervasively preemptive that any related state law action is deemed to be a federal claim from the start; the action is removable even though only a state law claim appears on the face of the complaint.

> Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). The doctrine of complete preemption applies only when two circumstances are present: when there is affirmative evidence of congressional intent to permit removal despite the plaintiff's exclusive reliance on state law, and when the federal statute creates a federal cause of action vindicating the same rights that the plaintiff has claimed under state law. *Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 93 (3d Cir.1989). The critical factor is that federal law completely preempts an entire area of state law. *Meyer*, 722 F.Supp. at 550.

■ ERISA is such legislation. State law claims by a beneficiary to enforce plan provisions are both preempted and displaced by ERISA to such an extent that complaints pleading such state law causes of action are removable under 28 U.S.C. § 1441(b). *Metropolitan Life*, 481 U.S. 58, 107 S.Ct. 1542. The preemption clause, 29 U.S.C. § 1144, means ERISA supersedes all state law that relates to an employee benefit plan. And, although Congress granted concurrent state and federal jurisdiction, 29 U.S.C. § 1132(e), empowerment of a participant to recover benefits or enforce employee benefit plan provisions falls exclusively under 29 U.S.C. § 1132(a)(1)(B). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987); *Metropolitan Life*, 481 U.S. at 62–63, 107 S.Ct. at 1545–1546.[1]

---

**1.** Congress intended ERISA's preemptive effect to be as strong as the Labor Management Relations Act and modeled 29 U.S.C. § 1132(a) after section 301 of the LMRA. *Pilot Life*, 481 U.S. at

In *Metropolitan Life*, the Supreme Court recognized the removability of state law claims preempted by ERISA. The plaintiff was a participant in an employee benefits plan but alleged only state law claims against his employer and its insurance company. The defendants removed the case to federal court based on ERISA preemption. The Supreme Court rejected the plaintiff's argument that because the federal issue was not obvious at the time the complaint was filed the case was unremovable. The Court concluded that the suit was "necessarily federal in character by virtue of the clearly manifested intent of Congress" and allowed removal based on the original complaint. *Id.*, at 67, 107 S.Ct. at 1548.

■ In this case, removal based on Judge Voss's order is only proper if the case first became removable due to the order—if the order substantially altered the suit. Judge Voss's order did not cause such a change. The order did not add the federal issues; the preempted claims were present in the initial third-party pleadings. The addition of the ERISA claim to this lawsuit, otherwise preempted by ERISA, will not change the essential nature of the litigation; the case will still focus on the same facts and the same medical coverage contract. In the order itself, Judge Voss stated that "[t]he Pitschs' claim for a denial of benefits under ERISA would be plead from the same facts that were plead for the state law claims."

■ The right to remove emanates from the express authority of ERISA and not from later judicial recognition of that right. *Douglass v. Weyerhaeuser Co.*, 662 F.Supp. 147 (C.D.Cal.1987). Even though preemption was hotly contested, because the original third-party complaints were superseded by ERISA each one was removable from the outset. Since 28 U.S.C. § 1446(b) only allows removal past 30 days "[i]f the case stated by the initial pleading is not removable," the preconsolidation cases had to be removed within 30 days of the original third-party complaints. Employers Health's removal in July 1991 was untimely.

■ Although not controlling precedent, the similarity of *Davidson v. Life Ins. Co.*, 716 F.Supp. 674 (D.Mass.1989) points to this same conclusion. In *Davidson*, the plaintiff filed a state law claim alleging that the defendant had improperly withheld disability payments. More than 3 years later, the defendant moved to dismiss the state law claim, arguing ERISA preemption. Although the plaintiff disputed ERISA's preemptive effect, she amended her complaint to add an ERISA count. The defendant removed the case 30 days after that amendment, but the district court ordered the case back to state court because removal was untimely. Since the original complaint was preempted by ERISA, the case was removable when filed.

The result of this determination is that defendants cannot wait for the state court to determine whether certain state law claims are preempted by ERISA before filing for removal. Defendants who wish to remove a claim possibly preempted by ERISA must file for removal early, and the district court will determine whether the claims are actually preempted.

■ Employers Health is correct in pointing out some of the troublesome aspects of this interpretation. Defendants face penalties for improperly removing cases, yet they must remove possible ERISA preemption cases quickly without certainty as to whether they are removable. The penalties for improper removal are discretionary, however, and defendants should not be sanctioned as long as the removal is made in good faith. Employers Health is also correct in mentioning that had Judge Voss rejected amendment and instead dismissed all the third-party state claims, and had the Pitsches filed a new third-party complaint with the ERISA claim, Employers Health would be able to remove.

54, 107 S.Ct. at 1556; *Metropolitan Life*, 481 U.S. at 65–67, 107 S.Ct. at 1547–1548 (reviewing ERISA's legislative history). Claims preempted by section 301 of the LMRA fall under the complete preemption corollary to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 386–387, 107 S.Ct. at 2426–2427.

This strict reading of the removal statute also sanctions a plaintiff's complete flip-flop in argument. For instance, in opposition to the summary judgment motion in state court, the Pitsches argued that their claims were not federal claims at all; now they argue that they have been federal claims all the time. But, although the Pitsches' arguments are the reverse of arguments presented to the state court, Employers Health ignores two important points. First, Judge Voss nullified the Pitsches' prior arguments and the Pitsches should not be estopped from taking a new position based on the new situation. And second, Employers Health's arguments do the same turnaround. At the state level it argued that the claims were so similar to ERISA claims as to be preempted. Now it argues that an ERISA claim is different enough to trigger a new 30-day window for removal.

And, my decision is consistent with one of the main purposes of the restrictive 30-day removal window, which is to prevent the delay and waste of resources by starting over in a new court after significant proceedings have long progressed in the state court. *See Wilson*, 668 F.2d at 965. The first third-party complaint was filed 2 years ago, the several cases were consolidated, and at least one postconsolidation motion was heard and decided in the state court. A new start in federal court goes against the purpose of the time limit.

Furthermore, both Congress and the Supreme Court have emphasized the complete preemptive effect of the ERISA legislation. *See Metropolitan Life*, 481 U.S. at 65–67, 107 S.Ct. at 1547–1548 (touchstone of removal jurisdiction is not "obviousness" of preemption defense but the intent of Congress); *Pilot Life*, 481 U.S. at 44–46, 52–56, 107 S.Ct. at 1551–1552, 1555–1558. A decision allowing removal would fly in the face of both Supreme Court precedent and the statutory grant of removal jurisdiction.

For all these reasons, pursuant to 28 U.S.C. § 1447(c), the Pitsches' motion to remand this case to the Waukesha County circuit court is GRANTED. Employers Health is not required to pay costs, however, because its removal of the case was made in good faith.

SO ORDERED.