**Charles N. WORTHAM and Anna F. Wortham, Ind. and d/b/a Electro–Comm System, Plaintiffs,**

v.

**EXECUTONE INFORMATION SYSTEMS, INC., Defendant.**

Civ. A. No. H–91–3689.

United States District Court, S.D. Texas, Houston Division.

April 2, 1992.

Robert G. Taylor, II, Taylor & Cire, Houston, Tex., for plaintiffs.

Andrew C. Schirrmeister, III, Baker & Botts, Houston, Tex., for defendant.

## ORDER

HITTNER, District Judge.

Pending before this Court is a motion to remand (Document # 5) filed by plaintiffs Charles N. Wortham and Anna Faye Wortham, Individually and d/b/a Electro–Comm System ("the Worthams"). The Court has considered the motion, the submissions of the parties, and the applicable law.

The Worthams originally filed this action on September 6, 1991, in the 189th Judicial District of Harris County, Texas, alleging breach of contract, gross negligence, injury to business reputation, embarrassment, humiliation, and mental anguish. On September 17, 1991, counsel for the Worthams sent a copy of the Plaintiffs' Original Petition and citation, along with a letter indicating that the Petition had been filed, to defendant Executone Information Systems, Inc. ("Executone"). *See* Document # 5,

Exhibit B. Executone's Vice–President and General Counsel received the letter and Petition on September 21, 1991. *Id.* On October 14, 1991 and again on November 13, 1991, the Worthams agreed to delay formal service until Executone could consider settlement possibilities. *Id.* at Exhibit C; Document # 6, Exhibit A. Executone's registered agent received formal service on November 26, 1991. *See* Document # 6, Exhibit B. Executone filed its notice of removal on December 13, 1991. *See* Document # 1. The Worthams claim in the instant motion that Executone's removal was untimely, and thus, this cause should be remanded to state court.

■■■ The notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." 28 U.S.C.A. § 1446(b) (West Supp.1991). When, as here, removability can be determined from the face of the original state court petition, the thirty day removal period runs from the date the defendant receives the petition. *Harding v. Allied Products Corp.*, 703 F.Supp. 51, 52–53 (W.D.Tenn.1989) (relying on plain language of § 1446(b), which says "receipt by defendant, *through service or otherwise* ..."); *Uhles v. F.W. Woolworth Co.*, 715 F.Supp. 297, 298 (C.D.Cal.1989) (holding that thirty day period began to run when defendant's in-house counsel received copy of complaint and engaged in settlement negotiations). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (noting that removal statutes are to be strictly construed against removal). Even if the petition has not been formally served, the defendant is on notice as to removability. The fact that Executone was evaluating settlement possibilities did not abate the thirty day period for removal. Executone could have initiated removal proceedings while considering settlement options or obtained a formal waiver of the time period in § 1446(b) from the Worthams.

Based on the foregoing, the Court

ORDERS that the Worthams' motion to remand (Document # 5) is GRANTED.