**Eugene V. CARWAY, Plaintiff,**

v.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and Progressive Casualty Insurance Company, Defendants.**

**Civ. A. No. 94–CV–4336.**

United States District Court, S.D. Texas.

May 10, 1995.

Arthur M. Glover, Jr., Houston, TX, for plaintiff.

David F. Webb, Lorance & Thompson, Houston, TX, for defendants.

**MEMORANDUM AND ORDER**

CRONE, United States Magistrate Judge.

Pending before the court is Plaintiff Eugene Carway's ("Carway") Motion to Remand (# 3). Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that Carway's Motion to Remand should be granted.

I. *Background.*

On October 28, 1994, Carway filed his original petition in the 133rd District Court of Harris County, Texas, for the collection of a default judgment from Defendants Progressive County Mutual Insurance Company ("PCMIC") and Progressive Casualty Insurance Company ("PCIC"). An interlocutory default judgment in the amount of $1,500,-000.00, plus interest at ten percent per annum, was entered against Stephen Rutledge ("Rutledge") in *Eugene V. Carway v. Pacific States Transport Co., Great Western Leasing Co. and Stephen Rutledge*, No. 91–09334, pending in the 80th Judicial District Court of Harris County, Texas. This award is for damages Carway sustained in a traffic accident that occurred on April 14, 1989, when a tractor-trailer Rutledge was operating collided with Carway's vehicle. Defendants are the insurers of Great Western Leasing Co. ("Great Western") and Pacific States Transport, Inc. ("PST"), the employers of Rutledge. Great Western and PST have stipulated that, at the time of the accident, Rutledge was acting within the course and scope of his employment. According to Carway, who brings suit individually and as Rutledge's assignee, the defendants tendered a defense to Great Western and PST but unjustifiably refused to tender a defense to Rutledge, and no answer was filed on his behalf. The underlying lawsuit is currently subject to the bankruptcy stay of *In re PST Vans, Inc.*, Consolidated Case No. 93C–23033, pending in the United States Bankruptcy Court for the District of Utah, Central Division. The bankruptcy stay against Rutledge was lifted, the action against him severed and assigned No. 91–09334–A, and the default judgment became final.

Defendants PCMIC and PCIC were served with this action on November 21, 1994, and filed their notice of removal on December 21, 1994. Carway is a citizen of Texas. PCIC is incorporated in Ohio and maintains its principal place of business there. PCMIC is chartered in Texas, where its principal place of business is located. Carway, both individually and as Rutledge's assignee, is now asserting claims against PCMIC and PCIC for collection of the default judgment, for the alleged breach of common law contractual duties, and for violations of §§ 17.46 and 17.50 of the Texas Deceptive Trade Practices Act ("DTPA") and is seeking enhanced damages under the DTPA and Article 21.21 § 16(b)(1) of the Texas Insurance Code. PCMIC and PCIC contend that this court has jurisdiction of this case based on 28 U.S.C. § 1331—federal question jurisdiction, 28 U.S.C. § 1337(a)—specific statute jurisdiction, and federal preemption. PCMIC and PCIC also assert that Carway violated the automatic bankruptcy stay by filing this lawsuit.

II. *Analysis.*

A. *Federal Question—Interstate Commerce Act.*

 Only cases that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *In re Carter,* 618 F.2d 1093, 1100 (5th Cir.1980). PCMIC and PCIC, as the parties seeking removal of this action, have the burden of establishing that this court has subject matter jurisdiction. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988); *Hunter v. United Van Lines,* 746 F.2d 635, 639 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985); *Albonetti v. GAF Corp.-Chem. Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981). Moreover, 28 U.S.C. § 1441 is strictly construed against removal. *Willy,* 855 F.2d at 1164; *Hunter,* 746 F.2d at 639; *Burr v. Choice Hotels, Int'l, Inc.,* 848 F.Supp. 93, 94–95 (S.D.Tex.1994); *Wortham v. Executone Info. Sys., Inc.,* 788 F.Supp. 324, 325 (S.D.Tex.1992) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

 Where, as here, there is no diversity of citizenship, for a case to be removable, it must fall within the court's federal question jurisdiction. *Caterpillar, Inc.,* 482 U.S. at 399, 107 S.Ct. at 2433. Under 28 U.S.C. § 1331, the district courts are granted original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Additionally, 28 U.S.C. § 1337(a) provides that the district courts shall have original jurisdiction of all proceedings "arising under" any act of Congress which regulates commerce. Federal question jurisdiction must be apparent on the face of the plaintiff's "well-pleaded complaint." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Merrell Dow Pharmaceuticals, Inc.,* 478 U.S. at 808, 106 S.Ct. at 3232; *Beers v. North Am. Van Lines, Inc.,* 836 F.2d 910, 912 (5th Cir.1988); *Hunter,* 746 F.2d at 639; *Carter,* 618 F.2d at 1100. The court must ascertain whether a case arises under federal law by analyzing the claims set forth in the plaintiff's complaint. *Collins v. AAA Rent All, Inc.,* 812 F.Supp. 642, 643 (M.D.La.1993). A determination of subject matter jurisdiction is based on the plaintiff's complaint at the time of removal; any jurisdictional infirmities may not later be cured by amendment. *Carter,* 618 F.2d at 1101.

PCMIC and PCIC assert that removal of this case is proper as a federal question under both 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a) because Carway's petition alleges a claim under the Interstate Commerce Act. An examination of his state court petition, however, reveals that Carway alleges only state law claims—breach of contract, breach of the common law duty of good faith and fair dealing, and violations of §§ 17.46 and 17.50 of the DTPA. While Carway's petition makes reference to the Interstate Commerce

Act in passing, it does not state a claim based on the Act. Instead, the petition notes that PCMIC and PCIC had issued a general liability insurance policy to Great Western and PST in accordance with provisions of the Interstate Commerce Act requiring interstate motor carriers to maintain an appropriate level of financial responsibility for its motor vehicles and operators who transport on public highways.

The relevant statute, 49 U.S.C. § 10927(a)(1), provides that in order for a motor carrier to operate in interstate commerce, it may be required to file an insurance policy or other type of security in an amount sufficient to "pay for each final judgment against the carrier for bodily injury to, or death of, an individual resulting from the negligent operation, maintenance, or use of motor vehicles." The Interstate Commerce Act, however, creates no rights, duties, or obligations. *Ore–Ida Foods, Inc. v. Richmond Transp. Serv., Inc.,* 783 F.Supp. 382, 385 (N.D.Ill.1992); *see also Millers Nat'l Ins. Co. v. Axel's Express, Inc.,* 851 F.2d 267, 270 (9th Cir.1988). Rather, it gives the Interstate Commerce Commission the ability to require, if it so desires, a motor carrier to obtain certain security. *Ore–Ida Foods, Inc.,* 783 F.Supp. at 385–86. When a plaintiff relies exclusively on a state law theory of recovery, the fact that the Interstate Commerce Act and the Commission's regulations mandate that carriers obtain security and make certain filings to assure financial responsibility towards the public does not make the state law claim a federal question "arising under" the laws of the United States. *Millers Nat'l Ins. Co.,* 851 F.2d at 270–71; *Beers,* 836 F.2d at 913; *Ore–Ida Foods, Inc.,* 783 F.Supp. at 385–86.

In the instant case, Carway is not relying on any actions or remedies created or enforced under the Interstate Commerce Act. Instead, Carway asserts only state law causes of action against the insurance carriers. While the Interstate Commerce Act and the regulations promulgated by the Commission require the carrier to obtain security, they do not create a federal cause of action. Hence, the presence of an insurance policy issued in accordance with § 10927(a)(1) of the Interstate Commerce Act simply is insufficient to invoke this court's federal question jurisdiction. *See Merrell Dow Pharmaceuticals, Inc.,* 478 U.S. at 813, 106 S.Ct. at 3234; *Hunter,* 746 F.2d at 646; *Millers Nat'l Ins. Co.,* 851 F.2d at 270–71.

Therefore, the defendants' removal of this action based on 28 U.S.C. §§ 1331 and 1337 was improper.

**B.** *Federal Preemption of State Law Claims.*

The defendants further assert that this court has federal question jurisdiction because the Interstate Commerce Act preempts Carway's state law claims. When a plaintiff alleges strictly state law claims, if the defendant contends that federal law preempts the state law on which the plaintiff relies, federal preemption is presented as a defense. *Hunter,* 746 F.2d at 639–40; *see also Metropolitan Life Ins. Co.,* 481 U.S. at 63, 107 S.Ct. at 1546. Generally, an assertion of federal preemption as a defense is insufficient to invoke federal question jurisdiction to permit removal to federal court, *Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430; *Metropolitan Life Ins. Co.,* 481 U.S. at 63, 107 S.Ct. at 1546; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2849, 77 L.Ed.2d 420 (1983); *Beers,* 836 F.2d at 913; *Medical College of Wis. v. Pitsch,* 776 F.Supp. 437, 439 (E.D.Wis.1991). The United States Supreme Court, however, has recognized that, under certain circumstances, a federal statute can completely preempt a state cause of action so that any claim will arise under federal law. *See Franchise Tax Bd. of Cal.,* 463 U.S. at 23–24, 103 S.Ct. at 2854; *Medical College of Wis.,* 776 F.Supp. at 439. There are three instances in which federal law preempts state law:

1) Where Congress expresses an explicit intent to preempt state law; 2) Where the sheer comprehensiveness of the federal scheme implies congressional intent to preempt state regulation in the area; 3) Where the state law either directly conflicts with the federal law or interferes

774

with the regulatory program established by Congress.

*Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 363 (5th Cir.1995); *see also Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152–53, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). Federal preemption of state law is not favored, however, and a party asserting preemption "must overcome the presumption against finding pre-emption of state law in areas traditionally regulated by the States." *California v. ARC Am. Corp.,* 490 U.S. 93, 101, 109 S.Ct. 1661, 1665, 104 L.Ed.2d 86 (1989).

There is no explicit expression in § 10927(a)(1) of the Interstate Commerce Act of any intent to preempt state law in this area. *See Ore–Ida Foods, Inc.,* 783 F.Supp. at 388; *Hartford Ins. Co. v. Henderson & Son, Inc.,* 258 Ga. 493, 371 S.E.2d 401, 402–03 (1988). The Act merely authorizes the Interstate Commerce Commission to require common carriers to maintain adequate insurance. *Ore–Ida Foods, Inc.,* 783 F.Supp. at 388; *Hartford Ins. Co.,* 371 S.E.2d at 402. In fact, it has been recognized that the purpose of § 10927 and the Commission's regulations is "to assure to members of the public and shippers that a certified carrier has independent financial responsibility, within the dollar limits prescribed, to pay for losses created by its carrier operations." *Canal Ins. Co. v. First Gen. Ins. Co.,* 889 F.2d 604, 611 (5th Cir.1989) (citing *Carolina Cas. Ins. Co. v. Underwriters Ins. Co.,* 569 F.2d 304, 313 (5th Cir.1978)); *see also Millers Nat'l Ins. Co.,* 851 F.2d at 270.

Likewise, the Interstate Commerce Act is not so comprehensive that it precludes any recovery under state law by persons injured in traffic accidents with common carriers. *See Carolina Cas. Ins. Co. v. Insurance Co. of N. Am.,* 595 F.2d 128, 138 n. 31 (3rd Cir.1979). Rather, § 10103 of the Interstate Commerce Act explicitly states "that the remedies provided under this subtitle are in addition to remedies existing under another law or at common law." 49 U.S.C. § 10103.

■ Hence, preemption may exist only to the extent that there is a direct conflict between the federal and state law. *Ore–Ida Foods, Inc.,* 783 F.Supp. at 387.

Section 10927(a)(1), however, does not purport to vindicate the same rights as any state law. Indeed, it does not purport to vindicate any rights. *Id.* at 385. Moreover, a federal requirement that common carriers maintain adequate insurance does not conflict with state law providing remedies to persons injured as a result of vehicle accidents involving common carriers. Instead, it enhances the likelihood of recovery of any damages that may be awarded under state law. The Texas Supreme Court has specifically held that the Interstate Commerce Act does not preempt the DTPA, which it described as a general statute providing remedies for victims of false, misleading, and deceptive acts as part of the state's police power. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 938 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

Section 10927(a)(1), therefore, neither expressly nor impliedly preempts Carway's claims against the defendant insurers. Thus, PCMIC and PCIC's removal of this case cannot rest upon federal preemption.

C. *Bankruptcy Stay—11 U.S.C. § 362(a).*

■ The defendants assert that Carway's filing of his petition violated the automatic stay arising out of PST's and Great Western's bankruptcy filing. The defendants contend that this action should be stayed pending orders on motions before the Utah bankruptcy court and in *Eugene V. Carway v. Pacific States Transport Co., Great Western Leasing Co. and Stephen Rutledge,* pending in the 80th District Court of Harris County, which is under the stay order of the Bankruptcy Court in Utah.

■ Although 11 U.S.C. § 362(a) provides for the automatic stay of any judicial proceeding against a debtor in Chapter 11 bankruptcy, it generally does not extend to non-debtors such as insurers and co-defendants who may have some connection to the debtor. *In re Kelton Motors, Inc.,* 121 B.R. 166, 193 (Bankr.D.Vt.1990); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 547 (5th Cir.1983);

*Greene & Kellogg, Inc. v. Oxford Hosp., Inc.,* 95 B.R. 26 (E.D.Pa.1989); *Cardinal Cas. Co. v. Correct Mfg. Corp.,* 88 B.R. 158, 162 (Bankr.S.D.Ohio 1988). The language of § 362(a) of the Bankruptcy Code focuses on the insolvent party, with repeated references to the "debtor," not other persons or entities tangentially involved with the debtor. *See Wedgeworth,* 706 F.2d at 544. Some courts, however, have extended the protection of § 362 to actions against non-debtors when those actions involve property of the estate or would have a significant impact on the debtor's ability to reorganize. *Kelton Motors, Inc.,* 121 B.R. at 193. In order for § 362(a) relief to be available to a non-debtor party, that party's interest must be so intertwined that it is considered to be the real party in interest. *A.H. Robins Co.,* 788 F.2d at 1001.

PCMIC and PCIC, as insurers of the debtors, are not entitled to the protection of 11 U.S.C. § 362(a). Rutledge, as a solvent co-defendant, is no longer subject to the bankruptcy stay, as the stay was lifted as to him, and Carway's action against him was severed. The fact that the defendants may first have to pay the judgment before collecting the deductible from the debtors is irrelevant. PCMIC and PCIC have not shown that the payment of the judgment would adversely affect PST's and Great Western's reorganization. Likewise, PCMIC and PCIC have not demonstrated that their interests are so intertwined with those of PST and Great Western that they are the real parties in interest in the bankruptcy proceeding. Therefore, as the instant action is not connected to, nor does it interfere with, the bankruptcy proceeding of the defendants' insureds, the automatic stay is of no effect. *See Holtkamp v. Littlefield,* 669 F.2d 505, 508 (7th Cir.1982).

### III. *Conclusion.*

Because Carway's claims do not arise under, nor are they preempted by the Interstate Commerce Act, this case does not fall within this court's federal question jurisdiction. In view of the fact that the defendants are no longer contending that it falls within this court's diversity jurisdiction, this court is without subject matter jurisdiction. Hence, it must be remanded to the 133rd District Court of Harris County, Texas.

Accordingly, Carway's motion to remand is GRANTED.

### ORDER OF REMAND

This action is remanded to the 133rd Judicial District Court of Harris County, Texas.