Lewin Plunkett, Plunkett Gibson & Allen, San Antonio, TX, Kenneth F. Kunzman, Roseland, NJ, for defendant.

**VALLE TRADE, INC., Plaintiff,**

v.

**PLASTIC SPECIALTIES & TECHNOLOGIES, INC. d/b/a Colorite Plastics Co., Defendant.**

**Civ. A. No. L–95–7.**

United States District Court,
S.D. Texas,
Laredo Division.

Feb. 22, 1995.

*MEMORANDUM AND ORDER*

KAZEN, District Judge.

Pending before this Court is Plaintiff's motion to remand. Plaintiff filed its original petition in state court on November 3, 1994, but it did not request service on Defendant at that time. Instead, on November 8, 1994, it mailed Defendant a "courtesy copy" of the petition and a demand letter stating that service would be requested if Defendant did not agree to pay $120,000 in damages for breach of an alleged distributorship agreement. Defendant received the letter and petition on November 14, 1994 and forwarded it to counsel for preparation of a response. On January 3, 1995, after receiving a letter from Defendant denying any wrongdoing, Plaintiff served a citation and an amended complaint on Defendant.[1] Defendant then removed the suit to this Court under 28 U.S.C. §§ 1446(b) and 1332 on January 20, 1995. Plaintiff filed a timely motion to remand, arguing that the removal was untimely.

---

1. The amended complaint mirrored the original petition except paragraph one included an extra   sentence requesting service "at this time."

*Discussion*

Section 1446(b) states that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." Plaintiff argues that Defendant's receipt of the courtesy copy on November 14, 1994 triggered the thirty-day removal period because Defendant was notified of the litigation "through service or otherwise." Defendant responds that the removal period did not begin to run until it was served with process on January 3, 1995.

Although the Fifth Circuit has never addressed the issue, this Court believes that, by the plain language of § 1446(b), formal service of process is not required to trigger commencement of the removal period. Receipt of a "courtesy copy" of the petition constitutes sufficient notice under the statute. The Court previously reached this same conclusion in *Representaciones Internacionales v. Brown Express, Inc.*, No. L–92–75, Aug. 17, 1992 (unpublished-attached). Other courts have reached the same conclusion. *E.g., Burr v. Choice Hotels, Intl., Inc.*, 848 F.Supp. 93, 94–95 (S.D.Tex.1994) (Kent, J.); *Wortham v. Executone Information Systems, Inc.*, 788 F.Supp. 324, 325 (S.D.Tex. 1992) (Hittner, J.); *Uhles v. F.W. Woolworth Co.*, 715 F.Supp. 297, 298 (C.D.Cal.1989).

The original petition was removable on its face since it stated that the parties are completely diverse and the amount in controversy exceeds $120,000. Thus, Defendant was on notice as to removability. As the *Wortham* court noted under virtually identical circumstances, "the fact that [Defendant] was evaluating settlement possibilities did not abate the thirty-day period for removal. [Defendant] could have initiated removal proceedings while considering settlement options or obtained a formal waiver of the time period in § 1446(b) from Plaintiff." 788 F.Supp. at 325. "By failing to do so, Defendant implicitly consented to be sued in state court." *Burr*, 848 F.Supp. at 95.

Because the removal period began on November 14, 1994 when Defendant received Plaintiff's original petition, Defendant's January 3, 1995 removal was untimely. Plaintiff's motion to remand is GRANTED.