#### Wilna BURR

v.

#### CHOICE HOTELS, INTERNATIONAL, INC. and Comfort Inn Greensboro.

#### No. G–94–053.

United States District Court, S.D. Texas, Galveston Division.

March 31, 1994.

Francis I. Spagnoletti, Vinson & Elkins, Houston, TX, for Wilna Burr.

Barbara Ann Callistien, City Attorney's Office, Houston, TX, for Choice Hotels, Intern., Inc. and Comfort Inn Greensboro.

### *ORDER*

KENT, District Judge.

This action arises from an accident at the Comfort Inn in Greensboro, North Carolina, where the Plaintiff apparently suffered injuries on the stairway. Defendant Choice Hotels removed the action to this Court from state court based on diversity of citizenship. Before the Court is Plaintiff's motion to remand on the grounds that the removal was untimely. The motion is **GRANTED**.

Plaintiff filed her action in the state district court in Brazoria County, Texas, on November 16, 1993. This Petition was removable on its face. The next day, Plaintiff mailed a courtesy copy of this Petition to Defendant Choice Hotels, along with a letter informing Choice Hotels that the lawsuit had been filed. Plaintiff's unrebutted evidence shows that Choice Hotels received this copy of the Petition by November 29, 1993, and that counsel for Choice Hotels received a copy by December 14, 1993. Plaintiff formally served Choice Hotels with citation on Jan-

uary 11, 1994, and Choice Hotels filed its Notice of Removal in this Court on January 19, 1994. Plaintiff moves to remand on the grounds that this removal was untimely, having been filed more than 30 days after the Defendant's receipt of the initial pleading.

■ The time period for the removal of this action is governed by 28 U.S.C. § 1446(b), which provides in pertinent part:

The Notice of Removal of a civil action or proceeding shall be filed within 30 days after the *receipt* by the Defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... ·

(emphasis added). Despite the plain language of this provision, however, Defendant argues that it timely removed this action because it removed within 30 days of being formally served. Plaintiff counters that removal is nonetheless improper because more than 30 days had passed since Defendant had received a copy of the Petition, "through service or otherwise."

Literally dozens of divergent district court opinions on this issue have been published, and both Plaintiff and Defendant find comfort in their fair share of these.[1] Defendant's line of cases follows the rule first articulated in *Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982). The *Love* court held that the time period of § 1446(b) commences only upon proper service of process, reasoning that the legislative history of the amendment which added the "or otherwise" language to the rule shows that Congress used this phrase to address an entirely unrelated problem with the earlier wording of the statute. *Id.* at 68. As another court recently noted, "[i]t is evident that the intent of the amendment *was not* to eliminate the existing requirement that service first be effectuated." *Apache Nitrogen Prod., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674 (D.Ariz.1993) (following *Love* ).

The cases supporting the Plaintiff's arguments include the only circuit court authority

on the issue, *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993). These cases reason that the statute means exactly what it says: actual receipt by a defendant of a complaint is sufficient to commence the thirty-day period for removal, regardless of the technicalities of state service of process requirements. *Id.* at 967; *see also Wortham v. Executone Information Sys., Inc.*, 788 F.Supp. 324 (S.D.Tex.1992) (Hittner, J.); *Conticommodity Serv., Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987) (collecting cases).

The cases adopting the "receipt rule" are better reasoned. First, "receipt ... through service or otherwise" is what the statute says. The plain meaning of a statute should be followed "except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.'" *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). At most, the legislative history of the "or otherwise" amendment shows that Congress never considered the problem at hand. Such a history hardly shows that the mandate of the statute's language in this situation is "demonstrably at odds" with the drafter's intentions. *Cf. Tech Hills*, 5 F.3d at 968.

To avoid such a literal interpretation, the *Apache Nitrogen* court reasoned that "if in fact the words 'service or otherwise' had a plain meaning, the cases would not be so hopelessly split over the proper interpretation." 145 F.R.D. at 679. This argument, however, is bootstrapping in its purest form: it reasons that the phrase is ambiguous simply because courts have ignored it. The *Apache Nitrogen* court also argued that "language is inherently ambiguous." *Id.* This, however, is inherently a feeble justification for the contorted conclusion that "service or otherwise" means "service only."

■ Moreover, the receipt rule is consistent with the premise that removal statutes are to be strictly construed against re-

---

**1.** Defendant characterizes its position as the "majority rule." However, the Court's research indicates that the courts have followed the Plaintiff's position much more often, especially in recent years.

moval. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). While removal may be the diverse defendant's right, § 1446(b) requires the defendant to exercise that right diligently, else waive it. When Choice Hotels received its "courtesy copy" of Plaintiff's Petition, it knew that it had been sued in state court on a claim which could be removed to this Court. At that point as well as any other, Choice Hotels could have realized that it had 30 days within which to take the offensive in making a choice of forum. By failing to do so, the Defendant implicitly consented to be sued in state court.

This holding, however, is not to be understood as an indication that this Court necessarily finds the receipt rule to be sensible. The requirements of formal service of process to commence a lawsuit serve eminently useful functions. First, with respect to uninitiated defendants, the statutory citation language informs them that they have been sued, that they should consult an attorney, and that they must respond by a given date. Informal receipt of a "courtesy" copy of the petition is not guaranteed to indicate any of these things to the naive.

With respect to corporate defendants, such as here, formal service requirements insure that the pleading has been received, on a date certain, by a person with the authority and duty to act on it. In the case at bar, the lack of this assurance is not at issue because the Defendant does not contest that such a person received actual notice more than 30 days before removal. As a general proposition, however, the "receipt" rule contemplates that on a motion to remand the Court will have to make factual inquiries as to on what date a sufficiently authorized agent of the defendant actually received a copy of the pleading. *See Tech Hills,* 5 F.3d at 968 (holding that removal clock generally begins running when the initial pleading is received

by an agent authorized to accept service of process, and that receipt by the corporate defendant's security guard on a Saturday does not suffice). This, in turn, would lead the diligent Plaintiff to demand discovery, and suddenly an issue which previously would have only presented rather straightforward legal questions becomes another ripe area for the expansion of litigation expense.[2]

Nonetheless, the language at issue has been a part of the United States Code since 1949. If Congress agreed that the provision were poorly drafted and that this "oversight" should be corrected, it has had 45 years in which to do so. Since Congress has not seen fit to make such further amendments, however, this Court is constrained to hold that "receipt ... through service or otherwise" means "receipt ... through service or otherwise." Accordingly, Plaintiff's motion to remand is **GRANTED,** and the cause is **ORDERED REMANDED** to the 239th Judicial District Court of Brazoria County, Texas. If the parties can present to the Court compelling and relevant new evidence or legal authority affecting this issue, which they could not through the exercise of due diligence have presented on original submission of this motion, the parties are, of course, invited to bring these to the Court's attention. Otherwise, the parties are further **ORDERED** to file no further pleadings on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course. *See* 28 U.S.C. § 1447(d) (no appellate review of remand order).

IT IS SO ORDERED.

---

2. The Court is also concerned that today's holding might encourage a creative Plaintiff to take the receipt rule one step further, and send courtesy copies of a removable petition before the lawsuit has even been filed, later arguing that the 30–day period began to run before the case even commenced. However, the Court would have little difficulty rejecting this argument. Removal is only permitted of civil actions *"brought* in a State court." 28 U.S.C. § 1441(a) (emphasis

added). More importantly, § 1446(b) specifically provides that the time period for removal begins running after receipt of the initial pleading "upon which such action or proceeding is based." Until the state court action is filed, there is no action or proceeding, and the Plaintiff's "pleading" is nothing of the kind: it is only a draft of something which the Plaintiff contemplates will *become* a pleading upon filing.