**Valerie Wright BLAIR, et al.**

v.

**Louis Aaron WILLIFORD and Cannon Express Corp.**

**No. 6:94CV1020.**

United States District Court,
E.D. Texas,
Tyler Division.

May 1, 1995.

Robert Martin Underwood, Underwood Law Firm, G. Dean Soape, Carthage, TX, for plaintiffs.

James Scott Howard, Billy D. Anderson, Cowles & Thompson, Tyler, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

HANNAH, District Judge.

Pending before the court is Plaintiffs' Motion to Remand. For the following reasons the court finds the motion well taken and hereby granted.

### Background

This is a personal injury lawsuit stemming from a motor vehicle accident which occurred in Carthage, Texas. It is alleged that Plaintiff Valerie Wright Blair was driving her vehicle in which Plaintiff David Dakota Blair was a passenger, when Defendant Louis Aaron Williford turned the truck-trailer he was driving into the path of Plaintiffs' vehicle causing the incident made the basis of this lawsuit.

On November 10, 1994, Plaintiffs filed their Original Petition in the County Court at Law of Panola County, Texas. On November 12, 1994, Defendant Williford received a courtesy copy of the Petition by mail. On November 14, 1994, Defendant Cannon Express Corp. (the trucking company) received a courtesy copy of the Petition by mail. However, service of process on Defendant Cannon occurred on November 16, 1994, and service of process on Defendant Williford occurred on November 17, 1994. On December 15, 1994, Defendants filed their Notice of Removal based on diversity of jurisdiction. On or about January 12, 1995, Plaintiffs filed their Motion to Remand alleging that Defendants' Notice of Removal was untimely.

### Analysis

■ The court begins its analysis with the premise that removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct.

868, 872–72, 85 L.Ed. 1214 (1941). The removal statute, 28 U.S.C. § 1446, provides that a notice of removal must be filed "within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). The question this court must answer is whether the 30–day clock begins from the point service of process is completed, as defendants would urge, or whether the clock begins from the point where the defendants or its agents authorized to accept service of process, receive a copy of the complaint. The Fifth Circuit has not ruled on this issue, and the district courts which have addressed this issue are equally divided.

■ Some district courts have followed the position first articulated in *Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), that the statutory time period commences only upon proper service of process. *See, e.g., Baratt v. Phoenix Mutual Life Ins. Co.*, 787 F.Supp. 333 (W.D.N.Y. 1992); *Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal. 1986). The basis for this position is the legislative history of section 1446(b). Some portions of the legislative history show that the "or otherwise" language of section 1446(b) was added in 1949 to address an entirely unrelated problem with the 1948 version of the statute.[1] The *Love* line of cases argues that the "or otherwise" language was not intended to cover the situation in the case at bar where a defendant receives a copy of the complaint before service of process has occurred.

However, other district courts have held that once the defendant possesses a copy of

---

**1.** In an attempt to establish a more uniform removal procedure, Congress revised section 1446(b) in 1948 to provide that a notice of removal be filed "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). Thus the removal period could not begin until service of process had been obtained. A problem occurred in states such as New York which permitted a plaintiff to commence a suit, without serving or filing a complaint, merely by serving the

defendant with a summons. In such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to ever remove the action. In response to this problem, Congress revised section 1446(b) in 1949 to permit removal "within twenty [now thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* (1949) U.S.Code Cong.Serv. 1254, 1268.

the complaint, the 30–day removal clock begins to run. *See, e.g., Alliance Financial Services v. Villa Del Rey–Roswell, Ltd., a New Mexico Ltd. Partnership,* 879 F.Supp 1140 (D.Utah 1995); *Rothwell v. Durbin II,* 872 F.Supp. 880 (D.Kan.1994); *Burr v. Choice Hotels, International, Inc.,* 848 F.Supp. 93 (S.D.Tex.1994); *Mermelstein v. Maki,* 830 F.Supp. 180 (S.D.N.Y.1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld,* 789 F.Supp. 881 (E.D.Mich.1992); *Conticommodity Servs., Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill.1987).

■ The only two federal circuit courts of appeals to have addressed this issue, the Sixth Circuit in *Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963 (6th Cir.1993) and the Seventh Circuit in *Roe v. O'Donohue,* 38 F.3d 298 (7th Cir. 1994), have concluded that the period of 30 days during which a defendant may remove an action commences when the defendant or its authorized agent comes into possession of a copy of the complaint regardless of whether delivery of the complaint complies with the requirements for service under the state rules of civil procedure. The basis for this line of reasoning, sometimes referred to as the "receipt rule", is the plain meaning of the removal statute. Notice of removal must be filed within thirty days after the receipt by the defendant, "through service *or otherwise*" of a copy of the initial pleading setting forth the claim for relief. As the Seventh Circuit stated, " 'Or otherwise' must mean something different from service." *Roe,* 38 F.3d at 302. In this case, the "or otherwise" language of the removal statute should encompass receipt of a courtesy copy of the complaint prior to perfecting service of process. Courts should be loathe to disregard the express language of a statute in order to dive into the quagmire of legislative history to discover the correct interpretation. "Interpretation of a statute must begin with the statute's language." *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 300, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989).

■ Alternatively, Defendants argue that they have not received pleadings sufficient to trigger the running of the thirty day removal period. Defendants correctly point out that the thirty-day clock can run from the receipt of the initial pleadings only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount in federal court. *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993). Here Plaintiffs' Complaint does not state a specific amount of damages which they are seeking to recover. Defendants argue that they could not ascertain the amount in controversy from the face of Plaintiffs' Complaint, so the thirty day clock could not run from receipt of the copy of Plaintiffs' Complaint.[2] Were the Court to accept Defendants' argument, then removal would still be untimely and remand would likewise occur. In any event, the Court does not agree that one could not ascertain from the face of Plaintiffs' pleadings that an amount in excess of the jurisdictional limit was in controversy. Plaintiffs do not have to allege a specific amount in order to alert Defendants that the case has become removable; a review of the facts in a complaint can reveal that an amount in excess of $50,000 is in controversy. *See Schild v. Tymco, Inc.,* 842 F.Supp. 225 (M.D.La.1994). A review of the pleadings in this case convinces the Court that Plaintiffs are seeking damages in excess of the jurisdictional amount.

The notice of removal was filed more than thirty days from the date Defendants received a copy of the complaint. Thus removal was untimely. Therefore

IT IS ORDERED that Plaintiffs' Motion for Remand is GRANTED.

---

**2.** The court notes that Defendants did not seem uncertain with respect to the jurisdictional

amount in their Notice of Removal.