**Hobert WALTERS, Sr. and Quality Paint & Decorating, Plaintiffs,**

v.

**GROW GROUP, INC., Devoe & Raynolds Co., Rey Gomez and Malcolm R. (Sonny) Dodd, Defendants.**

Civ. A. No. H–95–676.

United States District Court, S.D. Texas, Houston Division.

Aug. 11, 1995.

---

Alton W. Payne, Jr., Sroufe, Zamecki, Payne & Lundeen, L.L.P., Houston, TX, for Quality Paint & Decorating and Hobert Walters, Sr.

Michael Kuhn, Bracewell & Patterson, Houston, TX, for Grow Group, Inc. and Devoe & Raynolds Co.

## MEMORANDUM AND ORDER

HARMON, District Judge.

Pending before the Court is Plaintiffs Hobert Walters, Sr. and Quality Paint and Decorating's Motion to Remand (Instrument # 9). This action for deceptive trade practices, fraud, breach of contract, negligent misrepresentation, fraudulent concealment and antitrust violations was removed from state court on diversity grounds by Defendants Grow Group, Inc. and Devoe and Raynolds Co. Upon reviewing the record and considering applicable law, it is the opinion of the Court that the Plaintiffs' Motion to Remand should be **GRANTED.**

## I. FACTUAL BACKGROUND

Plaintiff Hobert Walters, Sr. is a citizen of Texas. Plaintiff Quality Paint and Decorating is a sole proprietorship of Hobert Walters, Sr., having its principal place of business in Harris County, Texas. Defendant Grow Group, Inc. is incorporated under the laws of the state of New York with its principal place of business in New York. Defendant Devoe & Raynolds Co. is an unincorporated division of Grow Group, Inc. Defendants Rey Gomez and Malcolm R. Dodd are citizens of Texas.

In April 1981, Plaintiffs became dealers in Defendants' line of paint by executing a dealer's agreement contract. Plaintiffs claim

that the Defendants represented to them that they could buy paint from the Defendants at a reduced price and resell it above that price based on the Defendants' suggested retail or wholesale price lists. Plaintiffs further allege that the Defendants themselves operate two stores near the location of Plaintiffs' store; and these "company" stores sell paint for less than the suggested retail and wholesale prices charged by the Plaintiffs.

Consequently, Plaintiffs filed this action in 129th Judicial District Court of Harris County under the Texas Deceptive Trade Practices Act ("DTPA") and for antitrust violations, fraud, breach of contract, negligent misrepresentation and fraudulent concealment. Plaintiffs requested an unspecified amount of actual damages, treble damages under the DTPA, interest, court costs and attorney's fees. The action was filed on November 4, 1994.

A courtesy copy of the Plaintiffs' Original Petition was sent via U.S. Express Mail, next day delivery, to the Defendants' attorney on November 5, 1994. It is undisputed that Defendants' attorney received the courtesy copy of the petition. Receipt was acknowledged in a letter from the Defendants' attorney dated November 10, 1995. *See* Affidavit of Alton W. Payne (Instrument # 10), Exhibit 6. Defendants were formally served with the Plaintiffs' Original Petition on February 14, 1995. Defendants' Notice of Removal (Instrument # 1) was filed on March 5, 1995.

## II. DISCUSSION

Plaintiffs' Motion to Remand (Instrument # 9) requests that the Court remand this action to the state district court because: 1) the Defendants did not timely file their Notice of Removal and 2) there is no diversity of citizenship.

■ Removal is construed restrictively so as to limit federal subject matter jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *aff'd per curiam*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citations omitted). Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Lozano v. GPE Controls*, 859 F.Supp. 1036, 1037 (S.D.Tex.1994). The removing defendant bears the burden of demonstrating that removal was proper and that federal subject matter jurisdiction exists. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). Any doubts concerning the propriety of removal should be resolved in favor of remand. *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989).

■ Removal of a civil action from a state court to a U.S. District Court must be filed in a timely manner pursuant to 28 U.S.C. § 1446(b). While removal may be the diverse defendant's right, section 1446(b) requires the defendant to exercise that right diligently, or else waive it. *Burr v. Choice Hotels Intern., Inc.*, 848 F.Supp. 93, 95 (S.D.Tex.1994) (Kent, J.). The relevant portion of section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy the initial pleading setting forth the claim for relief upon which such action of proceeding is based ...

*(emphasis added)*. The issue now becomes the statutory meaning of "through service or otherwise."

Plaintiffs argue that within the plain meaning of the statute, the courtesy copy of the petition forwarded to the Defendants is clearly "receipt by the Defendant, through service or otherwise." Defendants counter that their removal action was timely because they filed notice within thirty days of being formally served. Defendants further point to a "split of authority" regarding time to remove. Some jurisdictions follow the "formal service" rule, holding that the thirty day time period begins only after formal service of process complying with all technical rules of state law. *Love v. State Farm Mut. Auto. Insurance Co.*, 542 F.Supp. 65 (N.D.Ga.1982). Other jurisdictions follow the "plain meaning rule," relying on the plain language of section

1446(b). *Harding v. Allied Products Corp.,* 703 F.Supp. 51, 52–53 (W.D.Tenn.1989).

■ Cases adopting the "receipt rule" are better reasoned than cases arguing the "formal service" rule simply because "receipt . . . through service or otherwise" is what the statute states. *Burr,* 848 F.Supp. at 94. The statute means exactly what it says: actual receipt by a defendant of a complaint is sufficient to commence the thirty day period for removal, regardless of the technicalities of state service of process requirements. *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 967 (6th Cir.1993). The plain meaning of a statute should be followed "except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters'." *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (*quoting Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). At most the legislative history of the "or otherwise" amendment shows that Congress never considered the problem at hand. *Burr,* 848 F.Supp. at 94.

■ In the case *sub judice,* a courtesy copy of the Plaintiffs' Original Petition was sent to and received by the Defendants' attorney undisputedly in November of 1994. Furthermore, the Plaintiffs' attorney clearly communicated with Defendants' attorney stating he understood this to be an acceptance of service. The Defendants' attorney never responded in the negative. Actual receipt of the complaint, the removability of which could be determined from the face of the complaint, triggered the thirty day time period for removing the case, even without formal service. *Wortham v. Executone Information Sys., Inc.,* 788 F.Supp. 324 (S.D.Tex.1992) (Hittner, J.).

In addition, the controversy regarding the meaning of the statutory language is not as divisive as the Defendants would lead the Court to believe. Defendants quote from *Burr,* 848 F.Supp. at 94:

Literally dozens of divergent district court opinions on this issue have been published,

and both Plaintiff and Defendant find comfort in their fair share of these.

Defendants, however omitted the footnote to this quotation:

Defendant characterizes [the formal service rule] as the "majority rule." However, the Court's research indicates that courts have followed [the plain meaning rule] much more often, especially in recent years. *Id.* at 94 n. 1.

Pursuant to section 1446(b), the Defendants were required to remove this case to federal court within thirty days of their receipt of the copy of Plaintiffs' Original Petition in November of 1994. Therefore, the Court concludes that the Defendants did not remove this case by filing the Notice of Removal in March, 1995.

Under 28 U.S.C. § 1447(c), the district court may assess just costs and actual expenses, including attorney's fees, as a result of an improvident removal, but the court concludes these costs should not be awarded to the Plaintiffs.

Accordingly, for the reasons stated above, the Court

**ORDERS** that Plaintiffs' Motion to Remand (Instrument # 9) is **GRANTED** and this case is remanded to the 129th Judicial District Court of Harris County, Texas.