**J.R. LAUGHEAD, INC., Plaintiff,**

v.

**AIR DAYCO CORP. and Franco D'Agostino, Defendants.**

**Civil Action No. H–96–1919.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 7, 1996.

Bruce Davidson Oakley, Bracewell & Patterson, Houston, TX, for plaintiff.

Michelle DeVoe, Jackson & Walker, Houston, TX, for defendants.

## *MEMORANDUM AND ORDER*

LAKE, District Judge.

Pending before the court is the Motion to Remand (Docket Entry No. 4) of plaintiff, J.R. Laughead, Inc. Laughead argues that the court must remand this action pursuant to 28 U.S.C. § 1447(c) because the Notice of Removal of defendants, Air Dayco Corp. and Franco D'Agostino, was untimely filed.

### I. *Background*

On April 4, 1996, Laughead, a Texas corporation with its principal place of business in Houston, filed a petition in the 61st Judicial District Court of Harris County, Texas. It sought actual and exemplary damages for injuries stemming from Air Dayco's and D'Agostino's alleged breach of contract, fraud, and negligent misrepresentation arising out of defendants' failure to pay a $100,-000 brokerage fee to Laughead upon the sale of a jet aircraft. On June 12, 1996, defendants removed the case to this court.

### II. *Standard of Review*

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 303 (5th Cir.1993). When considering a motion to remand the removing party bears the burden of showing that removal was proper. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir. 1995); *Dancy v. Fina Oil & Chem. Co.,* 921 F.Supp. 1532, 1534 (E.D.Tex.1996). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Delgado v. Shell Oil Co.,* 890 F.Supp. 1324, 1341 (S.D.Tex.1995) (quoting *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981)). Because removal jurisdiction raises "significant federalism concerns," *Umphrey v. Fina Oil & Chem. Co.,* 921 F.Supp. 434, 436 (E.D.Tex.1996) (citing *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988), *appeal after remand,* 915 F.2d 965 (5th Cir.1990), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992)), courts must construe removal statutes narrowly, with doubts resolved in favor of remand to the state court. *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1032 (S.D.Tex.1995); *Jefferson Parish Hosp. Dist. No. 2 v. Harvey,* 788 F.Supp. 282, 283–84 (E.D.La.1992). "If there is any doubt that a right to removal exists, 'ambiguities are to be construed against removal.'" *Delgado,* 890 F.Supp. at 1341 (quoting *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992)).

### III. *Discussion*

The parties agree that removal jurisdiction is proper under 28 U.S.C. § 1441 because complete diversity within the meaning of 28 U.S.C. § 1332 exists between the parties and the amount in controversy exceeds $50,000.00. Laughead attacks the timeliness of defendants' notice of removal, however, because it was not filed "within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b). Laughead has submitted uncontradicted evi-

dence demonstrating that it transmitted, via first-class mail, a courtesy copy of the original state court petition to Franco D'Agostino, president of Air Dayco, at Air Dayco's mailing address, on April 9, 1996.[1] Although Franco D'Agostino did not personally receive the courtesy copy, Luis D'Agostino, vice-president of Air Dayco, admits receiving the petition on April 10, 1996.[2] Luis D'Agostino also admits contacting Laughead's counsel, Bruce D. Oakley, on April 16, 1996, to acknowledge receipt of the original petition.[3] Defendants argue that their removal on June 12, 1996, was nonetheless timely because they first received formal service of process via certified mail on May 18, 1996.[4] Laughead timely filed its Motion to Remand on July 10, 1996,[5] arguing that the relevant date for calculating the commencement of the thirty-day period imposed by § 1446(b) was April 10, 1996, not May 18, 1996, as alleged in Defendants' Notice of Removal. Laughead argues that the thirty-day period expired long before June 12, 1996, making the defendants' removal on that date fatally defective.

Defendants argue that notwithstanding the unambiguous language of § 1446(b), the court should count the thirty-day period mandated by that section from the day a defendant receives a copy of the state court petition only when such receipt was preceded or accompanied by "formal" service of process. The court is not persuaded by this argument because the plain language of § 1446(b) requires a court to measure the thirty-day removal period from when a defendant *receives* the state court petition "by service *or otherwise." See Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1033 (S.D.Tex. 1995) ("The statute means exactly what it says: actual receipt by a defendant of a complaint is sufficient to commence the thirty day period for removal, regardless of the technicalities of state service of process requirements"). Furthermore, although defendants place much reliance on the legislative history of § 1446(b), "[a]t most the legislative history of the 'or otherwise' amendment shows that Congress never considered the problem at hand." *Id.* (citing *Burr v. Choice Hotels, Int'l, Inc.,* 848 F.Supp. 93, 94 (S.D.Tex.1994)). Because the focus of § 1446(b) is on receipt—not service—the court joins the growing list of courts that have held the thirty-day period begins upon receipt by the defendant of a copy of the state court petition regardless of whether the complaint arrives before formal service of process has been effected.[6]

1. Affidavit of Bruce D. Oakley, Exhibit C to Plaintiff's Motion to Remand (Docket Entry No. 4); April 9, 1996, Letter from Bruce D. Oakley to Franco D'Agostino, Exhibit B to Plaintiff's Motion to Remand.

2. Affidavit of Luis D'Agostino, Exhibit A to Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 9.

3. Affidavit of Luis D'Agostino; Affidavit of Bruce D. Oakley.

4. Affidavit of Franco D'Agostino, Exhibit B to Defendants' Response to Plaintiff's Motion to Remand; Citation, Exhibit D to Plaintiff's Motion to Remand.

5. "A motion to remand ... must be made within 30 days after the filing of the notice of removal...." 28 U.S.C. § 1447(c) (1994).

6. The only two courts of appeals that have addressed this issue, the Sixth Circuit in *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993), and the Seventh Circuit in *Roe v. O'Donohue,* 38 F.3d 298, 304 (7th Cir.1994), have adopted the "receipt rule" for § 1446(b). *See also Mermelstein v. Maki,* 830 F.Supp. 180, 183 (S.D.N.Y.1993) (adopting the receipt rule); *Greensmith Co., Inc. v. Com Systems, Inc.,* 796 F.Supp. 812, 814 (D.N.J.1992) (same); *Dawson v. Orkin Exterminating Co., Inc.,* 736 F.Supp. 1049, 1053 (D.Colo.1990) (same); *Uhles v. F.W. Woolworth Co.,* 715 F.Supp. 297, 298 (C.D.Cal.1989) (same). Although the Fifth Circuit has not addressed this issue, the district courts in this circuit are in virtual unanimity in approving the "receipt rule." *See Bell v. Marmaras Navigation Limited,* No. 96–1042, 1996 WL 328778, at * 3 (E.D.La. June 13, 1996); *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1033 (S.D.Tex.1995); *Blair v. Williford,* 891 F.Supp. 349, 351 (E.D.Tex.1995); *Valle Trade, Inc. v. Plastic Specialties & Technologies, Inc.,* 880 F.Supp. 499, 500 (S.D.Tex.1995); *Southern Walls & Windows, Inc. v. Alply, Inc.,* No. 94–0632, 1994 WL 160491 (E.D.La. April 21, 1994); *Burr v. Choice Hotels, Int'l, Inc.,* 848 F.Supp. 93, 94 (S.D.Tex.1994); *Wortham v. Executone Information Systems, Inc.,* 788 F.Supp. 324, 325 (S.D.Tex.1992); *but see Hunter v. Am. Express Travel Related Serv.,* 643 F.Supp. 168 (S.D.Miss. 1986).

The thirty-day clock can run from the receipt of the initial pleadings only when that pleading affirmatively reveals on its face that there is diversity of citizenship and that the plaintiff is seeking damages in excess of the minimum jurisdictional amount in federal court. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992), *cert. denied,* 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993); *Blair v. Williford,* 891 F.Supp. 349, 351 (E.D.Tex.1995). The face of Laughead's petition affirmatively revealed that diversity existed among the parties and that Laughead was seeking damages of $100,000, well in excess of the jurisdictional minimum. Accordingly, the court concludes that this case must be remanded.

### IV. *Costs and Attorney's Fees*

█ A court remanding a case due to improper removal pursuant to 28 U.S.C. § 1447(c) has discretion to order a defendant to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of th[e] removal." While "[a]n award of costs has never been predicated on a finding of bad faith or negligent or frivolous removal,"[7] the imposition of expenses including attorney's fees is usually reserved for cases in which the removal was effected in bad faith or where the non-removability of the action was obvious from the face of the pleadings themselves even if removal was effected in good faith.[8] Although the court concludes that the case must be remanded pursuant to 28 U.S.C. § 1447(c), the court is unwilling to order defendants to pay either costs or expenses because the question of removability of this action, depending upon resolution of issues that still divide the courts,[9] was not obvious.

### V. *Order*

Plaintiff's Motion to Remand (Docket Entry No. 4) is **GRANTED**, but no costs or attorney's fees will be imposed against the removing defendants. This action is **REMANDED** to the 61st Judicial District Court of Harris County, Texas. The clerk is **ORDERED** to mail a copy of this Memorandum and Order to the District Clerk of Harris County, Texas.

---

7. *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993).

8. *See Miranti v. Lee,* 3 F.3d at 928 ("propriety of the defendant's removal continues to be central in determining whether to impose fees"); *News-Texan, Inc. v. City of Garland, Tex.,* 814 F.2d 216, 220–21 & n. 10 (5th Cir.1987) (fees and costs are appropriate when non-removability is obvious even though removal was effected in good faith); *Rivers v. Int'l Matex Tank Terminal,* 864 F.Supp.

556, 560 (E.D.La.1994) (requiring "improper" conduct by the defendant in removing an action).

9. *See, e.g., Lofstrom v. Dennis,* 829 F.Supp. 1194, 1196–98 (N.D.Cal.1993) (explaining both sides of the receipt as opposed to formal service debate, and noting the division among the courts of California and within the Ninth Circuit).