**Robert TORRES, Plaintiff,**

v.

**AIG CLAIM SERVICES, INC., f/k/a American International Adjustment Co., Inc., Fred Storm, Joanne Moore and Alexander Saris, Defendants.**

**No. 96–6873–CIV.**

United States District Court, S.D. Florida.

March 13, 1997.

---

Scott W. Rothstein, Michael A. Pancier, Kusnick & Rothstein, P.A., Fort Lauderdale, FL, for Plaintiff.

Jody Wilner Moran, Martin Harris, Julie Ann Sklaver, Connelly Sheehan & Moran, Chicago, IL, Patrick Patrissi, Sabrina Weiss Robinson, English McCaugan & O'Bryan, P.A., Fort Lauderdale, FL, for Defendant.

## ORDER DENYING REMAND

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the court upon Plaintiff's Motion for Remand to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (D.E. 6). A hearing was held in this matter before the Court on February 7, 1997 at 9:00 a.m. Counsel for the parties appeared and the Court heard oral argument on the motion.

THE COURT has carefully considered the Motion, response and reply, the representations and argument of counsel, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons

that follow, the Motion for Remand is DE-NIED.

## BACKGROUND

The facts of this case as pertain to this motion are not in dispute. Plaintiff filed his complaint in state court on April 22, 1996. On June 3, 1996, plaintiff's counsel mailed and faxed a courtesy copy of the complaint with accompanying correspondence to Connelly, Sheehan & Moran, the law firm that had represented three of the four defendants in another action in this district. Plaintiff effectuated service of process on defendant AIG Claim Services, Inc. ("AIG") on July 15, 1996 and on Ms. Moore on July 31, 1996. There were no communications between counsel for plaintiff and the law firm that had received the courtesy copy of the complaint in the period from June 3, 1996 to July 15, 1996.[1] The remaining individual defendants waived service of process when AIG's attorney appeared for them as well. On August 2, 1996, defendants filed a notice of removal. Plaintiff concedes that this action is properly removable but argues that the motion is untimely as it was made more than thirty days after defendants received a copy of the complaint. Plaintiff moves to remand the action. Defendants oppose the motion for remand.

## DISCUSSION

The federal statute governing a motion for remand provides, in pertinent part, that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

1. Connelly, Sheehan & Moran ("CS & M") received the courtesy copy of the complaint on June 3, 1996 and now represents defendants. At the hearing, defendants' attorney informed the Court that as of June 3, CS & M was not authorized to represent AIG in this action. CS & M was retained by AIG at a later, unspecified date.

Moreover, counsel for the defendants stated that, contrary to plaintiff's assertion, CS & M is not in-house counsel for AIG and the firm does not handle all of AIG's employment litigation work. Accordingly, although CS & M had defended AIG in a prior lawsuit, there was no guaranty that it would be retained for a future lawsuit.

28 U.S.C. § 1446(b). The removal statute should be strictly construed against removal, in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. *Kirby v. OMI Corp.,* 655 F.Supp. 219, 220 (M.D.Fla.1987). The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court. *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla.1993).

The courts are divided over whether the phrase "through service or otherwise" means that delivery of a copy of an initial pleading before service of process has been effected commences the thirty day period for removal. One line of cases, citing to the legislative history, holds that only proper service begins the period for removal (the "service rule").[2] *E.g., Bullard v. American Airlines. Inc.,* 929 F.Supp. 1284 (W.D.Mo.1996); *City Nat. Bank of Sylacauga v. Group Data Services,* 908 F.Supp. 896 (N.D.Ala.1995); *Apache Nitrogen Products, Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674 (D.Ariz.1993); *Marion Corp. v. Lloyds Bank, PLC,* 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.,* 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Services,* 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Ins. Co.,* 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mutual Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982). A second line of cases holds that the statute is clear on its face and the language "or otherwise" means exactly that—that perfect service is not re-quired to put the defendant on notice of a possible removal issue (the "receipt rule"). *E.g., Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 967 (6th Cir.1993); *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030 (S.D.Tex.1995); *Shoemaker v. GAF Corp.,* 814 F.Supp. 495 (W.D.Va. 1993); *Kerr v. Holland–America–Line West-ours, Inc.,* 794 F.Supp. 207 (E.D.Mich.1992); *Lindley v. DePriest,* 755 F.Supp. 1020 (S.D.Fla.1991); *IMCO USA, Inc. v. Title Ins. Co. of Minnesota,* 729 F.Supp. 1322 (M.D.Fla.1990); *Tyler v. Prudential Ins. Co. of America,* 524 F.Supp. 1211 (W.D.Pa.1981). The modem trend appears to be toward the "receipt rule." Despite the parties' urging, this Court need not adopt either the service rule or the receipt rule to resolve the issue before it.

The statute provides that "receipt by the defendant, through service or otherwise" starts the removal clock running. There is no evidence before the Court to show that the defendants received the complaint prior to July 15, 1996.[3] *Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D.Tex.1971); *see Plourde v. Ferguson,* 519 F.Supp. 14, 17 (D.Md.1980). Although the Court has found one case in which receipt by defense counsel started the removal period, that case is distinguishable on its unique set of facts. *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1033 (S.D.Tex.1995). In *Walters,* plaintiff's attorney contacted defense counsel in the period after transmittal of the courtesy copy and before service was made. *Id.* Plaintiff's attorney "clearly communicated with the defendants' attorney stating he understood this

---

**2.** This Court notes that the legislative history addresses a point different than that before the Court. The "service or otherwise" language was added to the federal removal statute in 1949 to cure a statutory defect. *Apache Nitrogen Products, Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674, 678 (D.Ariz.1993) (discussing interplay between 28 U.S.C. § 1446 and Federal Rule of Civil Procedure 81(c)). The prior language provided "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." As the Advisory Committee noted in proposing a revision to R. 81(c), " 'the original version of section 1446(b) caused 'trouble in states where an action may be both commenced and service of process made without serving or otherwise giving the defendant a copy of the complaint or other initial pleading." *Id.* (quoting Committee Note of 1948 to Advisory Committee's Proposed Amendment to Subdivision (c), *reprinted in* 7 James Wm. Moore et al., *Moore's Federal Practice,* ¶ 81.01[18] (2d ed.1992)). As another district court noted, "the legislative history of the 'or otherwise' amendment shows that Congress never considered the problem at hand." *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1033 (S.D.Tex.1995).

**3.** At oral argument, defendants' counsel informed the Court that his firm had no record that the complaint was transmitted to AIG prior to service of process.

to be an acceptance of service." *Id.* Defense counsel did nothing to disabuse plaintiff's counsel that he had in fact accepted service for the defendant. *Id.*

 In the case before the court, defendants' counsel was not retained for the *Torres* litigation when the courtesy copy was received. Furthermore, there was no communication between plaintiff's counsel and defendants' counsel in the interim period that would indicate to plaintiff's counsel that defendants' counsel had received the complaint when acting as defendants' counsel in the instant matter. The record before the Court shows only that defendant AIG received a copy of the complaint on July 15 and the remainder of the defendants received the complaint at some point after that date.

The statute clearly states that the thirty day removal period begins to run upon "receipt by defendant, by service or otherwise." 28 U.S.C. § 1446(b). Defendants' notice of removal dated August 2 is within thirty days after July 15. This Court declines plaintiff's invitation to determine, as a matter of law, that receipt of a courtesy copy of a complaint by counsel retained by a defendant in one litigation starts the removal period running in a subsequent litigation at a point when counsel has not been retained by defendant for that subsequent litigation. This Court finds defendants have met their burden to show that removal was timely and plaintiff has failed to rebut that showing. It is, therefore,

ORDERED AND ADJUDGED that the Motion for Remand be and the same is hereby DENIED. This action shall proceed in due course in the United States District Court, Southern District of Florida as otherwise permitted by law.