Otto A. PARRA, Plaintiff,

v.

JOHN ALDEN LIFE INSURANCE
COMPANY, Defendant.

No. 98–0436–CIV.

United States District Court,
S.D. Florida.

July 1, 1998.

Nicholas Paul San Felippo, Jr., Naples, FL, for Plaintiff.

Anthony Pelle, Miami, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DISMISSING CASE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion To Remand, filed April 6, 1998. Defendant filed a response on May 6, 1998, and Plaintiff filed a reply on May 8, 1998.

### I. Background

Defendant has insured Plaintiff since 1991 under a group insurance policy that provides for, among other things, major medical coverage. Plaintiff alleges that he was diagnosed with the acquired immune deficiency syndrome ("AIDS") in approximately December 1996. Plaintiff claims that while Defendant provided him with medical benefits for his illness from December 1996 until July 1997, Defendant then wrongfully terminated his coverage. As a result, Plaintiff filed suit in state court, alleging that Defendant unlawfully terminated his coverage due to his diagnosis and/or treatment for AIDS, in violation of section 627.6646 of the Florida Statutes. That section provides that "no insurer shall cancel or nonrenew the health insurance policy of any insured because of diagnosis or treatment of human immunodeficiency virus infection or acquired immune deficiency syndrome." Fla. Stat. Ann. § 627.6646 (West 1996). Plaintiff's Complaint also set forth causes of action under Florida common law. On February 27, 1998, Defendant removed this action to federal court on the ground that Plaintiff's action for benefits under an employee benefits plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001–1425 (West Supp.1998).[1] Contemporaneously

---

1. Plaintiff does not dispute that his employee benefits plan was an ERISA plan. As explained

with its notice of removal, Defendant filed a Motion To Dismiss, arguing that because ERISA's civil enforcement provisions preempt Plaintiff's state law claims, and Plaintiff pleads no federal causes of action in his Complaint, his entire suit must be dismissed.

## II. Legal Standard

■■■ Removal of civil actions from state to federal court is authorized by section 1441, title 28, of the United States Code. The operative provision, section 1441(a), provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1994). Under section 1441(a), therefore, the removal jurisdiction of the district court is tied to the original jurisdiction of the federal courts. Removal is only proper if the action originally could have been brought in the district court. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When removal is challenged through a motion to remand, the defendant bears the burden of establishing that removal is proper. *See Pacheco de Perez v. AT & T,* 139 F.3d 1368, 1373 (11th Cir.1998); *Torres v. AIG Claim Servs., Inc.,* 957 F.Supp. 1271, 1273 (S.D.Fla. 1997). Moreover, the Court must construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the nonremoving party. *See Pacheco de Perez,* 139 F.3d at 1373.

## III. Analysis

In order to determine whether removal is proper in this case, the Court must consider whether ERISA preempts Plaintiff's state law claims and how ERISA preemption impacts on the issue of removability.

Through the enactment of ERISA, Congress created a broad federal framework for regulating employee welfare benefit plans that provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Section 514(a) of ERISA explicitly provides that it preempts all state laws that "relate to any employee benefit plan." 29 U.S.C.A. § 1144. The Supreme Court has interpreted the phrase "relate to" expansively, ruling that "a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Pilot Life,* 481 U.S. at 47, 107 S.Ct. 1549 (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). Moreover, ERISA's preemption clause applies regardless of whether the state law is specifically designed to affect employee benefit plans. *See id.* at 47–48, 107 S.Ct. 1549. ERISA preemption under section 514(a) is most often used as a defense to state claims in state court. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■■ In the present case, Plaintiff's state law causes of action clearly relate to his employee benefit plan, because his action is essentially one for the recovery of benefits under an ERISA plan. *See Shaw,* 463 U.S. at 97, 103 S.Ct. 2890 ("[T]he [New York] Human Rights Law, which prohibits employers from structuring their employee benefit plans in a manner that discriminates on the basis of pregnancy, and the [New York] Disability Benefits Law, which requires employers to pay employees specific benefits, clearly 'relate to' benefit plans.") (footnote omitted); *Stone v. Travelers Corp.,* 58 F.3d 434, 437 (9th Cir.1995) ("Stone's claim under the California [Fair Employment and Housing Act] clearly relates to the ERISA plans in the most direct way; his claim is founded in the denial of benefits to which he claims he is entitled under those plans.").

further below, he argues only that ERISA does not preempt his state law claims. The Court will therefore proceed on the assumption that Plaintiff's insurance plan did qualify as an ERISA plan. *Cf.* 29 U.S.C.A. § 1002(1) (describing ERISA plans).

■ By contrast, the issue of removability of a cause of action to federal court implicates a completely different section of ERISA. To determine that an action is removable to federal court involves more than a mere finding that ERISA section 514(a) preempts the state law claim. As noted above, removal is only proper if the action could originally have been brought in federal court. Therefore, federal jurisdiction is supported only when the plaintiff's "well-pleaded complaint" raises on its face issues of federal law. *See Metropolitan Life,* 481 U.S. at 63, 107 S.Ct. 1542.

■ There is a narrow exception, however, to the well-pleaded complaint rule when federal law has completely preempted the field: "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. 1542. While complete preemption is rare, the Supreme Court has interpreted the civil enforcement provisions of ERISA as completely displacing analogous causes of action based on state law. *See id.* at 66, 107 S.Ct. 1542. The civil enforcement provisions afford participants or beneficiaries of an ERISA plan a remedy for recovering benefits that have been wrongfully denied or for enforcing other rights under the ERISA plan. As the Eleventh Circuit has recently reaffirmed, "Congress has accomplished this 'complete preemption' in 29 U.S.C. § 1132(a) [ERISA § 502(a)], which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan." *Franklin v. QHG of Gadsden, Inc.,* 127 F.3d 1024, 1028 (11th Cir.1997) (quoting *Kemp v. IBM,* 109 F.3d 708, 712 (11th Cir.1997)). Therefore, if a plaintiff's state law claims fall within the scope of ERISA section 502(a), they are converted into federal claims and thus properly removed to a federal court. *See id.; Constantine v. Minis,* 910 F.Supp. 657, 661–62 (S.D.Ga.1995) (discussing complete preemption under ERISA § 502(a)).

Failing to understand the difference between ERISA preemption under section 514(a) and section 502(a), Plaintiff first relies on *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995), for the proposition that his state law claims are not preempted by ERISA. In *Warner,* the Sixth Circuit clarified that there are in fact two types of preemption under ERISA: explicit preemption under section 514(a) and complete, or super, preemption under section 502(a). If a state law claim relates to an ERISA plan pursuant to section 514(a), but does not fall within the scope of section 502(a), then preemption can only be used as a defense to the claim in state court. If, however, a plaintiff's state law claims fall within section 502(a), they are both preempted by ERISA *and* deemed to be federal causes of action that are properly removed to federal court. *See id.; see also Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 171 (3d Cir.1997) (directing district court to "distinguish between the complete preemption doctrine for jurisdictional purposes and ordinary preemption, which merely constitutes a defense to a state law cause of action").

The *Warner* court found that the plaintiff's age discrimination claim did not fall within section 502(a) because it was a "straight state age discrimination case," not one seeking to enforce the payment of benefits under an ERISA plan. 46 F.3d at 535. Thus, because plaintiff's claim in *Warner* was not subject to ERISA complete preemption, it was not removable to federal court. The *Warner* court did *not* hold that ERISA did not preempt the plaintiff's state law claim, but only that the action could not be removed to federal court because complete preemption under section 502(a) did not apply. Unlike the claim in *Warner,* Plaintiff's claim in this case is clearly one for the recovery of benefits under an ERISA plan. *See, e.g.,* Compl. ¶¶ 11–13. Because this is exactly the kind of remedy that Congress crafted in section 502(a), Plaintiff's claim is subject to complete preemption and removal to federal court.

■ Plaintiff also argues that even if his claims are subject to ERISA preemption, they escape preemption by virtue of ERISA's "savings clause." As Plaintiff correctly points out, ERISA's preemptive reach is limited by the statute's savings clause, which provides that "nothing in this subchapter

shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). "The savings clause preserves the right of States, given by the McCarran–Ferguson Act, to regulate the 'business of insurance.'" *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1453 (5th Cir. 1991). Determining whether a state law falls under the savings clause involves two steps. First, courts must be guided by a "commonsense view" of the language of the savings clause itself. *Pilot Life*, 481 U.S. at 48, 107 S.Ct. 1549 (citing *Metropolitan Life*, 471 U.S. at 740, 105 S.Ct. 2380). Second, the court must consider the following three criteria: (1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship; and (3) whether the practice is limited to entities within the insurance industry. *See id.* at 48–49, 107 S.Ct. 1549; *accord Anschultz v. Connecticut Gen. Life Ins. Co.*, 850 F.2d 1467, 1468 (11th Cir.1988).

Section 627.6646 of the Florida Statutes in fact appears to be a law that regulates insurance. First, it is clear that the law is directed toward the insurance industry. It is included in Part VII of the Florida Insurance Code, and its language unambiguously limits its application to insurers: "[N]o *insurer* shall cancel or nonrenew the health insurance policy of any insured because of diagnosis or treatment of human immunodeficiency virus infection or acquired immune deficiency syndrome." *See Pilot Life*, 481 U.S. at 50, 107 S.Ct. 1549 ("A common sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.") Furthermore, section 627.6646 transfers some risk to the insurer by prohibiting cancellation of the policy on the ground that the policyholder has become HIV-positive or has acquired AIDS. The section is also an integral part of the policy relationship between an insurer and an insured because it places limits on an insurer's ability to terminate coverage. Finally,

as noted above, section 627.6646 is directed only at entities within the insurance industry.

Despite the seeming applicability of this analysis to section 627.6646, the savings clause alone cannot save Plaintiff's claims from preemption. This is because, as discussed above, Plaintiff's claims are subject to complete preemption under the civil enforcement provisions of ERISA section 502(a). "[I]f a state law gives an employee a remedy greater or other than a remedy set out in ERISA ... there is nevertheless an implied conflict and the state law remedy is preempted." *Suggs v. Pan American Life Ins. Co.*, 847 F.Supp. 1324, 1335 (S.D.Miss. 1994) (citing *Pilot Life*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39, and *Hansen v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir.1991)). ERISA affords plan participants a vehicle for recovering benefits wrongfully denied to them, and that remedy must be exclusive to protect the integrity of the ERISA scheme. As the Supreme Court has explained, "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life*, 481 U.S. at 54, 107 S.Ct. 1549.

The Court's task, therefore, is not only to look at the state law that Plaintiff is employing, but also, and more importantly, evaluate the remedy that Plaintiff is seeking. Because the remedy that Plaintiff seeks is the recovery of plan benefits, and because this remedy can be obtained solely through section 502(a) of ERISA, Plaintiff cannot proceed under state law. Plaintiff protests that "[i]n effect, Defendant argues that § 627.6646, Fla. Stat. is void and that Florida courts are powerless to enforce it." (Pl.'s Mot. To Remand, at 4.) Without endorsing the wisdom of this outcome, the Court must conclude that insofar as the recovery of benefits under ERISA plans is concerned, Plaintiff is right: ERISA preemption prevents him from recovering benefits through section 627.6646.[2] The Eleventh Circuit has come to

---

**2.** ERISA also preempts Plaintiff's state law

claims for breach of contract and statutory bad

this same conclusion in a case in which plaintiffs sought to recover benefits under a state common law cause of action for fraud:

> The employees protest that to hold that ERISA preempts this fraud claim, while also holding that ERISA does not prohibit the wrong the employees feel they have suffered, leaves a "gap" in the law. That is exactly the result that obtains when Congress determines that federal law should govern a broad area to the exclusion of state regulation and chooses not to prohibit the actions formerly prohibited by state law. It is the very conflict between the federal scheme and state law that is to be avoided through preemption. To argue that Congress has created a "gap" in the law does not undermine the reasoning on which a finding of preemption is based.

*Phillips v. Amoco Oil Co.,* 799 F.2d 1464, 1470 (11th Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987). Plaintiff may only enforce his right to benefits under an ERISA plan through the civil enforcement provisions set forth in the ERISA statute. The Court shares the frustration that other courts have experienced when faced with such outcomes:

> Every single case brought before this Court has involved insurance companies using ERISA as a shield to prevent employees from having the legal redress and remedies they would have had under longstanding state laws existing before the adoption of ERISA. It is indeed an anomaly that an act passed for the security of the employees should be used almost exclusively to defeat their security and leave them without remedies for fraud and overreaching conduct.

*Suggs,* 847 F.Supp. at 1357–58.[3]

### IV. Conclusion

The Court finds that Plaintiff's suit for recovery of benefits under his ERISA plan is subject to complete preemption. Because Plaintiff did not plead any federal causes of action in his Complaint, the Court will dismiss Plaintiff's suit but provide Plaintiff with time to amend his pleadings to include an ERISA claim.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Motion To Remand be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Defendant's Motion To Dismiss be, and the same is hereby, GRANTED without prejudice. Plaintiff shall have twenty (20) days from the date of this Order in which to file an Amended Complaint.

---

3. In light of the Court's finding that complete preemption bars Plaintiff's claim under state law, despite the savings clause, the Court need not discuss two arguments made by Defendant against the applicability of the savings clause.

faith. Plaintiff appears to concede as much given that, in his brief, he argues only that section 627.6646 survives preemption.